CARTAGENA, ETC., DEMANDANTE Y APELADO, *v.* DÁVILA, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Distrito Primero, en pleito sobre desahucio (moción para desestimar la apelación).

No. 3093.—Resuelto en julio 18, 1923.

SENTENCIAS; MODO DE PRONUNCIARLAS—REGISTRO DE SENTENCIAS.—Una vez que un caso ha sido debidamente sometido a una corte con jurisdicción, puede ésta dictar sentencia oralmente o por escrito en corte abierta, o por escrito dentro del término de sus sesiones sin necesidad de que lo haga en corte abierta, siendo en ambos casos el deber ministerial del secretario registrarla en el libro de sentencias y, además, de acuerdo con la ley vigente en Puerto Rico, unir una copia de la misma a los autos del pleito. La sentencia es el acto judicial de la corte; el registro el acto ministerial del secretario.

DESAHUCIO—APELACIÓN DE SENTENCIAS DE DESAHUCIO—DESESTIMACIÓN POR HABERSE RADICADO EL ESCRITO DE APELACIÓN FUERA DE TIEMPO.—Dictada y registrada la sentencia el 8 de junio y presentado el escrito de apelación el 15, es necesario concluir, tratándose como se trata de un caso de desahucio, que cuando el escrito se archivó había vencido el término fijado por la ley para establecer el recurso y en tal virtud que éste debe ser desestimado.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. R. R. Blondet* y *J. Valldejuli.*

Abogado del apelado: *Sr. F. Soto Gras.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Se trata de un caso de desahucio. La parte apelada pidió la desestimación del recurso de apelación interpuesto en el mismo, basándose en que se había establecido después de vencido el término de ley. Alegó que la sentencia se dictó y registró el 8 de junio último y por tanto que cuando el apelante en 15 de junio archivó su notificación de apelación, habían transcurrido los cinco días que la ley especial sobre la materia concede para ello.

Se opuso el apelante alegando que la sentencia no había sido debidamente dictada ni registrada, que no obstante sus esfuerzos no le fué posible enterarse de su existencia hasta el 11 de junio en que le fué notificada y por tanto que su apelación establecida el 15 lo fué dentro del término de ley.

Atendido lo perentorio del término y pudiendo asistir la justicia al apelante, la corte permitió la presentación de *affidavits* y últimamente llamó a declarar al Secretario de la Corte de Distrito de San Juan, Primer Distrito, de donde procede la sentencia, a fin de aclarar debidamente los hechos.

Puso de manifiesto la prueba practicada el hecho de que tanto el libro de minutas como el de sentencias no se llevan en la expresada corte con el cuidado debido, pero en lo que se refiere a la sentencia dictada en este caso la corte examinó la hoja original en que consta dictada y registrada con las firmas del juez y del secretario, asegurando el secretario bajo juramento que lo fué en el día que se expresa, o sea, el 8 de junio de 1923.

De la hoja indicada correspondiente al libro de sentencias no encuadernado aún aparece que la sentencia en este caso se dictó en corte abierta. De la declaración del secretario, que se dictó en despacho. Todo induce a creer que el secretario dijo la verdad. Siendo ello así, ¿puede entenderse la sentencia debidamente pronunciada?

La parte apelante no ha citado precepto de ley alguno,

ni jurisprudencia de las cuales pueda deducirse que las sen-
tencias deben pronunciarse necesariamente en corte abierta.

Una sentencia es la decisión definitiva sobre los dere-
chos de las partes en un pleito o procedimiento. Artículo
188 del Código de Enjuiciamiento Civil. Una vez que un
caso ha sido debidamente sometido a una corte con juris-
dicción, la corte puede dictar sentencia oralmente o por es-
crito en corte abierta o por escrito dentro del término de
sus sesiones sin necesidad de que lo haga en corte abierta,
siendo en ambos casos el deber ministerial del secretario
registrar la sentencia en el libro de sentencias y, además,
de acuerdo con la ley vigente en Puerto Rico, unir una co-
pia de la misma a los autos del pleito.

La sentencia es el acto judicial de la corte; el registro
el acto ministerial del secretario. 15 R. C. L. 571. En este
caso existió el acto judicial desde el momento en que el
juez a quien se sometió debidamente el pleito de desahu-
cio, basándose en las alegaciones y las pruebas y dentro de
un término de sesiones, decidió definitivamente sobre los
derechos de las partes declarando con lugar la demanda,
consignando su resolución por escrito y firmándola, y exis-
tió también el acto ministerial ya que el secretario firmó el
propio original y lo colocó en el sobre en que se conservan
las hojas del libro de sentencias que una vez que llegan al
número de doscientas, según declaró, son encuadernadas y
así conservadas en los archivos de la corte.

De los *affidavits* aportados por la parte apelante resulta
probado, a nuestro juicio, que si sus abogados practicaron
gestiones a los efectos de enterarse de si se había dictado
la sentencia, tales gestiones no fueron lo completas que pu-
dieron haber sido. El secretario bajo juramento declaró
que los abogados no inquirieron de él directamente si se
había dictado la sentencia.

En la investigación de este caso hemos ido todo lo lejos
que puede ir una corte de apelación. Ante nosotros la ver-

dad legal es que la sentencia se dictó por escrito y se firmó por el juez, hallándose la corte en uno de sus términos de sesiones, el 8 de junio último y fué registrada por el secretario en la misma fecha.

Desde el momento en que la sentencia quedó así perpetuada, estuvo al libre acceso de la parte apelante y comenzó a correr el término para establecer la apelación. Ese término es de cinco días. La apelación se interpuso el día 15. Una simple operación aritmética demuestra que cuando la notificación se archivó, el derecho a apelar ya no existía. *Barbosa* v. *Fernández,* 28 D. P. R. 305; *Ramírez* v. *Pérez,* 25 D. P. R. 231, 234; *Figueroa et al* v. *Sepúlveda,* 24 D. P. R. 690.

Debe desestimarse el recurso.

*Desestimado el recurso.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto disintió.