A. Alvarez & Hnos., peticionaria, *v.* Corte de Distrito de Bayamon, Hon. Luis Samalea Iglesias, Juez, demandada.

Núm. 1122.—*Sometido:* Enero 17, 1938. *Resuelto:* Enero 21, 1938.

*Dubón & Ochoteco* y *D. Guerrero Noble,* abogados de la peticionaria.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

El artículo 5 y los artículos 10 a 13 inclusive de una Ley aprobada el 14 de marzo de 1907, según fué enmendada en 1908 (Código de Enjuiciamiento Civil, edición de 1933, pág. 108, Comp. 5264, 5269–72), leen así:

"Art. 5.—Siempre que una persona reclamare una propiedad mueble, prestando juramento y constituyendo fianza, según lo dispuesto en esta Ley, el márshal o agente que tomare el juramento y recibiere la fianza, consignará al dorso de la orden el hecho de haberse presentado la susodicha reclamación, y haberse tomado el juramento y prestado la fianza, con expresión del nombre del reclamante, estampando asimismo, al respaldo de la fianza, el valor de la propiedad según la tasación verificada por el mismo, e inmediatamente enviará la fianza y el juramento al tribunal, por el cual la orden de ejecución o de embargo fué dictada, con excepción de lo que más adelante se dispone.

"Art. 10.—El secretario de la corte con jurisdicción sobre el asunto al recibir el juramento y la fianza referidos, hará la debida anotación en el libro de causas de la corte.

"Art. 11.—(Enmendado según la Ley de 12 de marzo de 1908, pág. 49.)—Tan pronto como recibiere el secretario de la corte el juramento y la fianza, se lo notificará a todas las partes, quienes deberán comparecer a los diez días de notificadas, y si transcurrido dicho término, comparecieran las partes, la corte dispondrá que se formule por escrito la cuestión, procediéndose a su vista como en las demás causas, y serán siempre partes en el asunto las que lo fuesen en el que haya originado la tercería.

"Se establecerá la cuestión mediante una breve exposición de la naturaleza del derecho del reclamante al pretender reclamar como suyos y excluir de la orden de embargo los bienes en controversia y de la autoridad y derecho del demandado o demandados en dicho procedimiento al pretender someter los mismos bienes a la orden de embargo.

"Art. 12.—Si el demandante no compareciere después de habérsele notificado en debida forma, se desestimará la demanda por abandono de acción, y si no comparecieren los demandados se dictará la sentencia en su rebeldía.

"Art. 13.—Los procedimientos y prácticas en el juicio, se acomodarán, hasta donde fuere posible, a las reglas del enjuiciamiento civil vigente en Puerto Rico."

En el presente caso, luego de hacer la notificación requerida por el artículo 11, el tercerista compareció y solicitó que se formulara la cuestión por escrito en la forma dispuesta por dicho artículo. Los demandados, que eran los demandantes y demandados en la acción principal, no comparecieron, y, a instancias del tercerista, el secretario anotó su rebeldía. El tercerista solicitó se señalara el caso para oír la prueba suya, como paso preliminar a una sentencia en rebeldía, y más tarde solicitó que el caso fuera incluído en un calendario especial que se llamaría en determinada fecha. Esta moción fué declarada sin lugar. El secretario, a instancias del tercerista, entonces incluyó el caso en otro calendario especial. El día señalado para la vista el tercerista compareció y presentó su prueba.

El Juez de distrito dejó sin efecto la rebeldía y la vista celebrada, fundándose en que no había habido rebeldía toda vez que no se había establecido cuestión alguna, conforme

exige el artículo 11, y, en su consecuencia, porque nada había ante la corte. Ordenó al tercerista que formulara su reclamación por escrito según prescribe el artículo 11.

Dicho artículo dispone que (bastardillas nuestras):

*"Si* transcurrido dicho término, comparecieren las partes, *la corte dispondrá que se formule por escrito la cuestión, procediéndose a su vista como en las demás causas."* El lenguaje del artículo 12 es enteramente claro. No hay lugar a interpretación. *"Si no comparecieren los demandados se dictará la sentencia en su rebeldía."* Es un caso de *lex scripta.* Si no comparecieren los demandados, la declaración jurada y la fianza del tercerista junto con la constancia del márshal al dorso de la orden, los que al ser radicados por el secretario constituyen una base adecuada para el procedimiento prescrito por el artículo 11, son, por igual motivo, base suficiente para que se dicte una sentencia en rebeldía según dispone el artículo 12. Conforme provee el artículo 13, los terceristas deben seguir las reglas prescritas por el Código de Enjuiciamiento Civil en lo relativo a sentencias en rebeldía. El tercerista así lo hizo en el presente caso.

*Debe revocarse la resolución apelada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

El Juez Asociado Señor Córdova Dávila no intervino.