JUAN ARROYO RODRÍGUEZ, peticionario, *v.* TRIBUNAL DE DISTRITO DE SAN JUAN, HON. PEDRO PÉREZ PIMENTEL, JUEZ, demandado.

Núm. 1852.—*Sometido:* Enero 2, 1951. *Resuelto:* Febrero 13, 1951.

*E. Martínez Avilés,* abogado del peticionario.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Juan Arroyo Rodríguez demandó ante el tribunal de distrito a Carlos Sánchez Reverón y a Rosalina González de Sánchez en cobro de dinero. A moción del demandante se embargó un automóvil, que se alegaba pertenecía a Rosalina González de Sánchez, para asegurar la efectividad de la sentencia que en su día pudiera recaer. Alegando que ella era la dueña del automóvil, Carmen Sánchez radicó una declaración jurada y una fianza ante el márshal para que se le entregara el automóvil a ella *in custodia legis.* Véanse los artículos 1 y 2 de la Ley de 14 de marzo de 1907, hallada a la pág. 108, Código de Enjuiciamiento Civil, ed. de 1933, y según ha sido enmendada por la Ley núm. 31, Leyes de Puerto Rico, 1937 (pág. 159).

El 23 de marzo de 1950 la secretaria del tribunal de distrito envió una notificación a las partes al efecto de que (a) el márshal había radicado en su oficina el 20 de marzo la decla-

ración jurada y la fianza y (*b*) a tenor con el artículo 11 de la Ley de 1907, según fué enmendada por la Ley del 12 de marzo de 1908, las partes venían obligadas a comparecer diez días después de ser notificadas.(¹) · La notificación a Carmen Sánchez fué dirigídale al cuidado del Lic. Emilio Fragoso.

El 24 de marzo el demandante radicó una moción solicitando que la tercería fuese declarada nula porque (*a*) en la fianza prestada por la tercerista no se describían los bienes de los fiadores y (*b*) el márshal no practicó diligencia alguna sobre la aprobación de la fianza y no había cumplido con el artículo 5 de la Ley de Tercería. El 27 de marzo el Lic. Emilio Fragoso, quien había radicado una contestación a nombre de los demandados, se retiró como abogado de éstos porque iba a ser testigo en el procedimiento de tercería. Su moción alega que la tercería está a cargo del Lic. Rafael F. Barbosa. Sin embargo, de los autos no surge dicha representación hasta una fecha posterior. El 24 de marzo el demandante radicó una "comparecencia especial", "a los solos fines de la comparecencia que prescribe el artículo 11 ...".

El 10 de abril el demandante radicó una moción para que se desestimara la tercería. Alegaba que la tercerista no había comparecido dentro de los diez días de notificada según lo exige el artículo 11 y que por consiguiente debía desestimarse el procedimiento a tenor con el artículo 12.(²) La

---

· (¹) El artículo 11 provee así:

"Tan pronto como recibiere el secretario de la corte el juramento y la fianza, se lo notificará a todas las partes, quienes deberán comparecer a los diez días de notificadas, y si transcurrido dicho término, comparecieran las partes, la corte dispondrá que se formule por escrito la cuestión, procediéndose a su vista como en las demás causas, y serán siempre partes en el asunto las que lo fuesen en el que haya originado la tercería.

"Se establecerá la cuestión mediante una breve exposición de la naturaleza del derecho del reclamante al pretender reclamar como suyos y excluir de la orden de embargo los bienes en controversia y de la autoridad y derecho del demandado o demandados en dicho procedimiento al pretender someter los mismos bienes a la orden de embargo."

(²) El artículo 12 lee como sigue:

"Si el demandante no compareciere después de habérsele notificado en debida forma, se desestimará la demanda por abandono de acción, y si no comparecieren los demandados se dictará la sentencia en su rebeldía."

moción también solicitaba que se desestimara el procedimiento sin celebración de vista, la cual estaba señalada para el mismo día, en que se discutiría la moción del demandante del 24 de marzo impugnando la validez de la fianza y el procedimiento seguido por el márshal.

El 10 de abril Carmen Sánchez, la tercerista, radicó una moción, que fué declarada con lugar, solicitando que desde dicha fecha el Lic. Barbosa fuese considerado como su abogado de récord. No empece la solicitud del demandante del 10 de abril para que no hiciera tal cosa, el tribunal de distrito celebró una vista en dicha fecha sobre los méritos de la moción del 24 de marzo. El 11 de abril la corte inferior declaró sin lugar esta última moción, siempre y cuando que la tercerista enmendara su fianza dentro de 48 horas de conformidad con el artículo 355 del Código de Enjuiciamiento Civil.

El 11 de abril el demandante radicó una moción enmendada para que se desestimara la tercería por los mismos fundamentos alegados en su moción del 10 de abril. El 19 del mismo mes la tercerista radicó la fianza enmendada exigida por la resolución del día 11. El 19 de abril la corte inferior aprobó la fianza. Aparentemente ignorando el hecho de que la fianza enmendada había sido radicada por la tercerista y aprobada el día anterior, el 20 de abril el demandante radicó una moción de desestimación por el fundamento de que no se había radicado la fianza enmendada dentro de las 48 horas según lo ordenaba la resolución del 11 de abril.

El 26 de abril el Lic. Barbosa radicó a nombre de la tercerista una comparecencia *en la que manifestaba que la tercerista había recibido la notificación de la secretaria del tribunal de distrito de manos del Lic. Fragoso por primera vez el día 8 de abril.* La comparecencia se refiere entonces a la moción impugnando la tercería y lo que resolvió la corte sobre la misma. Entonces dice que "ahora la tercerista entendiendo que ya se han perfeccionado los requisitos sobre incidente de tercería hace su comparecencia especial por medio de la presente . . .".

El 1 de mayo la corte inferior denegó la moción enmendada del 11 de abril para que se desestimara la tercería porque la tercerista no había radicado su comparecencia dentro de los diez días de notificádale por la secretaria el procedimiento, según lo exigen los artículos 11 y 12. El demandante radicó una moción de reconsideración que fué declarada sin lugar. Expedimos auto de *certiorari* a solicitud del demandante para revisar la resolución del 1 de mayo.

No está ante nos la cuestión de la validez de la fianza enmendada ni la actuación de la corte inferior aprobándola. La única cuestión planteada por el peticionario es el no haber la tercerista, según alega, comparecido dentro de los diez días. Pero de la relación de hechos antes expuesta surge que la secretaria envió la notificación a la tercerista al cuidado del Lic. Fragoso, quien nunca la representó. En consecuencia, la fecha más lejana en que puede considerársele como notificada fué abril 8, cuando el Lic. Fragoso, según alega su abogado, le hizo entrega a ella de la notificación. *Rodríguez* v. *Fonalledas*, 71 D.P.R. 836.([3]) Y el 10 de abril la tercerista (*a*) radicó una moción designando al Lic. Barbosa abogado suyo y (*b*) participó por su abogado en la vista de la moción del 24 de marzo. Es cierto que el Lic. Barbosa no radicó lo que él llamó su "comparecencia" hasta el 26 de abril, más de diez días a partir del 8 de abril. Pero no es necesario que el documento que se radique contenga las palabras "yo comparezco" para darse cumplimiento al artículo 11. Los pasos efectuados por la tercerista el 10 de abril demuestran que ella no estaba abandonando su reclamación sino más bien compareciendo a corte para sostenerla. Por tanto ella

---

([3]) Quizá se podrá argüir que su término para comparecer empezó a correr el 3 de abril, en virtud de la manifestación de la corte inferior de que el 3 de abril el Lic. Barbosa le había solicitado una suspensión por el motivo de que se había hecho cargo del caso el 3 de abril. Sin embargo, es innecesario pasar sobre esta cuestión, ya que más adelante resolvemos que la tercerista en sustancia y en efecto legal compareció el 10 de abril, estando en tiempo, aun cuando los diez días empezaran a correr desde el 3 de abril y no desde el 8.

"compareció" el 10 de abril y su "comparecencia" formal el 26 de abril fué superflua. Por consiguiente, no podemos resolver que ella no "compareció" según provee el artículo 11 dentro de los 10 días de notificada y que la tercería debe desestimarse a tenor con el artículo 12. La corte inferior el 1 de mayo correctamente declaró sin lugar la moción de desestimación. Y las partes están ahora en posición de cumplir con la resolución del tribunal de distrito de mayo 3 al efecto de que "Habiendo comparecido ya todas las partes en el procedimiento de Tercería, el Tribunal ordena que dentro de un término de diez (10) días se formule por escrito la cuestión, todo ello de conformidad con lo dispuesto en el artículo 11 . . .". (⁴)

*El auto de certiorari será anulado.*

---

(⁴) El único caso citado por el peticionario, *A. Álvarez & Hnos.* v. *Corte de Distrito,* 52 D.P.R. 532, no es aplicable. Dicho caso sólo resuelve que el reclamante tiene derecho a una sentencia en rebeldía si las partes no comparecen dentro de diez días · después de notificadas. El problema de qué constituye tal "comparecencia" no estaba envuelto en dicho caso.