José C. Jusino, demandante y apelado, *v.* Dolores Masjuán como única heredera de Juan Betancourt Masjuán; y Emilio Juan Betancourt Masjuán, demandados y apelantes.

No. 6596.—*Sometido:* Marzo 26, 1934. *Resuelto:* Abril 11, 1934.

*D. Marcano Castagnet*, abogado de los apelantes; *Ramón S. Pesquera*, abogado del apelado.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

El demandante apelado solicita la desestimación del recurso de apelación interpuesto, entre otras razones, por no ·haberse notificado dicha apelación a Ramón S. Pesquera, abogado de dicho demandante, según consta de los autos. La parte apelante arguye, en oposición, que el demandante fué debidamente notificado y que según el artículo 296 del Código de Enjuiciamiento Civil la apelación puede notificarse a la parte contraria o a su abogado, no siendo requisito indispensable que se notifique a este último, cuando la parte ha sido notificada.

██ Esta corte, en el caso de *Zaragoza* v. *López,* 16 D. P.R. 829, desestimó una apelación precisamente por haberse

notificado la misma al demandado apelado y no a su abogado. De la opinión de la corte en dicho caso copiamos lo siguiente:

"El otro motivo de la moción es que la presente apelación fué notificada al demandado apelado y no a su abogado, citándose nuestra decisión en el caso de American R. R. Co. of P. R. v. El Juez de la Corte Municipal de Ponce, resuelto en 4 de abril de 1910. En aquel caso resolvimos que procedía admitir y tomar en consideración el recurso de apelación porque éste no se había interpuesto contra una sentencia dictada por una corte de distrito sino contra la dictada por una corte municipal. Sin embargo, este tribunal declaró claramente, admitiendo la proposición que ahora se plantea por el apelado, que la disposición de la ley por la que se exige que la notificación se haga al abogado de la parte respectiva no era aplicable a una apelación interpuesta contra sentencia dictada por una corte municipal. Este tribunal ha examinado detenidamente las autoridades citadas en el caso de referencia, y ha llegado a la conclusión de que en virtud de las disposiciones de los artículos 296 y 324 del Código de Enjuiciamiento Civil así como de la jurisprudencia del Tribunal Supremo de California, la notificación de apelación debe hacerse al abogado."

Como se ha dicho en la opinión que antecede, el criterio de este tribunal está sostenido por la jurisprudencia del Tribunal Supremo de California. En los casos de *Abrahms* v. *Stokes,* 39 Cal. 150, y *Jones* v. *McGarney,* 6 Cal. Unrep. 277, 56 Pac. 896, se desestimó la apelación por haberse notificado el recurso a la parte contraria y no al abogado de la misma.

De la obra "California Jurisprudence", tomo 2 pág. 344, copiamos lo siguiente:

"El artículo 940 del Código de Enjuiciamiento Civil requiere que se notifique la apelación a la parte contraria o a su abogado. No se requiere que esta notificación sea personal sobre la parte misma, para el propósito de asegurar su comparecencia en la corte. Por lo tanto, el artículo 940 debe leerse en relación con el 1015 del Código, que dispone que en todos los casos en que la parte estuviese representada por un abogado en el pleito o procedimiento, la notificación de los documentos, cuando corresponda, deberá hacerse a dicho abogado en lugar de a la parte. Esta última disposición controla la primera, y cuando la parte contraria tiene un abogado, la notificación debe hacerse a dicho abogado, y se han desestimado apelaciones a causa de la infracción de esta regla."

De acuerdo con esta jurisprudencia, la notificación debe hacerse a la parte o a su abogado: a la parte cuando sea ella exclusivamente la que tenga a su cargo la defensa del pleito, y en los demás casos, al abogado en el pleito o procedimiento. Los artículos 940 y 1015 del Código de Enjuiciamiento Civil de California corresponden a los artículos 296 y 324 de nuestro Código de Enjuiciamiento Civil. Como es sabido, el primero de dichos artículos dispone que debe notificarse la apelación a la parte contraria o a su abogado y el 324 que en todos los casos en que la parte estuviere representada en el pleito o procedimiento por un abogado, la notificación cuando corresponda, deberá hacerse a dicho abogado en lugar de a la parte.

Toda vez que el recurso interpuesto no ha sido notificado al abogado de la parte apelada, *debe declararse con lugar la moción del demandante y desestimarse la apelación.*