AMBROSIO ANGLERÓ, ET AL., querellantes y apelantes, *v.* LUIS C. TRIGO y JULIÁN ANGLERÓ, querellados y apelados.

No. 6442.—*Sometido:* Enero 24, 1935. *Resuelto:* Febrero 28, 1935.

*V. Géigel Polanco,* abogados de los apelantes; *M. Calderón,* y *Virgilio Brunet,* abogados, respectivamente, de los apelados.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Varios obreros, de acuerdo con las leyes No. 10 de 1917 ((2) pág. 217) y No. 73 de 1931 (pág. 459), entablaron demanda en la Corte Municipal de San Juan en reclamación de salarios, contra Luis C. Trigo y Julián Angleró.

La corte municipal dictó sentencia el 20 de abril de 1933 declarando la reclamación sin lugar en cuanto a Trigo y con lugar en cuanto a Angleró.

Sigue en la transcripción a la de la sentencia la de la notificación de la misma a la parte perdidosa con nota de haberse archivado en abril 25, 1933; luego aparece la del escrito de apelación de los querellantes archivado el propio día 25 de abril, 1933, sin constancia de haber sido notificado el querellado Trigo, y seguidamente se encuentra la certificación del secretario de la corte municipal autenticando el récord.

Archivada la transcripción en la corte de distrito, compareció el querellado Trigo en junio 8, 1933, pidiendo la desestimación del recurso entre otros motivos porque se interpuso fuera de tiempo y porque el escrito interponiéndolo no se notificó al querellado Trigo, ni a su abogado, ni a su apoderado. El 14 de junio, 1933, los querellantes presentaron una declaración jurada por Antonio Linares que, en lo pertinente dice:

"1.—Que soy mayor de edad, casado, mensajero del Departamento del Trabajo y vecino de esta ciudad.

"2.—Que el día 25 de abril de 1933, recibí del Lcdo. Vicente Géigel-Polanco, abogado del Departamento del Trabajo, un escrito de apelación en el caso de Ambrosio Angleró et al., v. Luis C. Trigo y Julián Angleró, seguido ante la Corte Municipal de San Juan, Sección Segunda, Civil Núm. 15,762, sobre reclamación de salarios, .

y que recibí asimismo, dos copias de dicho escrito para entregarlas, una al Lcdo. Virgilio Brunet, abogado del querellado Julián Angleró y otra para entregarla al Lcdo. J. M. Calderón, Jr., abogado del querellado Luis C. Trigo o en caso de que el abogado de este último no se encontrara en su oficina recibí instrucciones de entregarla al propio querellado Luis C. Trigo en su oficina del Departamento de Justicia.

"3.—Que hice entrega de una de las copias del escrito de apelación al Lcdo. Virgilio Brunet; que el Lcdo. J. M. Calderón no se encontraba en su oficina y entonces solicité al Sr. Trigo en su oficina sita en el Departamento de Justicia; que la secretaria o taquígrafa del Sr. Trigo me informó que él se encontraba ausente en asuntos oficiales y entonces le hice entrega a dicha señorita en el día ya mencionado de 25 de abril de 1933, como a las tres de la tarde, una copia del escrito de apelación antes mencionado."

Sometida la cuestión suscitada a la decisión de la corte de distrito, ésta resolvió que del propio testimonio de la persona encargada de hacer la notificación resulta que no se hizo de acuerdo con la ley porque existiendo abogado dejó de notificársele y porque aunque se hubiera podido notificar a la parte personalmente, la notificación no se hizo en tal caso de acuerdo con lo prescrito en el artículo 320 del Código de Enjuiciamiento Civil. Y desestimó el recurso.

■■ No conformes los querellantes han apelado para ante este tribunal. Sostienen que tratándose de un procedimiento sencillo, gratuito y sumario establecido por el legislador en beneficio de las clases trabajadoras y habiéndose cumplido substancialmente con el estatuto, no debe exigirse el cumplimiento estricto de los preceptos generales del Código de Enjuiciamiento Civil para destruir la apelación.

La ley especial invocada—la 10 de 1917 (pág. 217)—en su sección octava, dice,

"Sección 8.—Cualquiera de las partes que se creyere perjudicada por la sentencia, podrá interponer recursos de apelación para ante la Corte de Distrito del Distrito Judicial en que radicare la Corte Municipal sentenciadora.

"La apelación quedará formalizada presentando al Secretario de

la Corte Municipal, dentro de los dos días de dictada la sentencia, un escrito en que se manifieste la intención de apelar, y entregando copia de dicho escrito a la parte contraria o a su apoderado o abogado.''

Nada más establece y parece lo natural que se recurra a los preceptos generales del Código de Enjuiciamiento. Civil para regular la forma en que la notificación debe hacerse. Y aplicándolos resulta en verdad que la notificación no se hizo de acuerdo con la ley.

Aquí existía abogado. Debió ser él el notificado y no habiéndolo sido, procedía la desestimación. ''Cuando una parte contraria tiene abogado y la notificación del escrito de apelación se hace a la parte y no al abogado, ello es motivo suficiente para desestimar el recurso interpuesto,'' se decidió en *Jusino* v. *Masjuán,* 46 D.P.R. 501, siguiendo lo decidido en *Zaragoza* v. *López,* 16 D.P.R. 829 y la jurisprudencia de California. 2 Cal. Jur. 344.

Y aun en el caso de que hubiera sido permisible notificar a la parte, resultaría siempre que ésta no fué notificada en la forma que prescribe el estatuto.

La parte apelada insiste en que hay además otra razón fundamental para la desestimación del recurso y es la de que éste se interpuso después de vencido el término de ley. Y tiene razón a nuestro juicio.

Como hemos visto la ley sobre la materia que se invoca prescribe que la apelación quedará formalizada radicándose el escrito dentro de los dos días de dictada la sentencia y no a partir del en que se archive la notificación de la sentencia con los autos. Y ya esta corte, interpretando la ley de desahucio, en el caso de *Ramírez* v. *Pérez,* 25 D.P.R. 231, 234, dijo:

''Pero existe un motivo aun más poderoso para desestimar la apelación. Al computar el término, el apelado toma como punto de partida el 2 de abril en que según él se notificó la sentencia y no el 30 de marzo en que la misma fué dictada y registrada. Y es que el apelado actúa en la creencia de que es aplicable a los pleitos de

desahucio la sección 2 de la ley No. 70 de 1911, cuando esto no es en realidad así.''

Véanse los casos de *Cartagena* v. *Dávila*, 32 D.P.R. 270, 273; *Barbosa* v. *Fernández*, 28 D.P.R. 305, y *Figueroa et al.* v. *Sepúlveda*, 24 D.P.R. 690.

Como sabemos, la sentencia se dictó en este caso en abril 20, 1933, y no fué hasta el 25, esto es, ya vencido con exceso el término de dos días que fija la ley, que se archivó el escrito de apelación.

*Procede la confirmación de la sentencia recurrida.*