José Rodríguez Montalvo, demandante y apelado, *v.* Gerónimo Fonalledas, demandado y apelante.

Núm. 10304.—*Sometido:* Noviembre 6, 1950. *Resuelto:* Noviembre 15, 1950.

*Virgilio Brunet,* abogado del apelante; *Víctor M. Bosch,* abogado del apelado; *F. Fernández Cuyar,* como *amicus curiae.*

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Se trata de una demanda en reclamación de salarios en la cual la corte de distrito dictó sentencia a favor del demandante. El demandado ha apelado. El demandante solicitó la desestimación de la apelación por el fundamento de que el escrito de apelación fué radicado después de haber vencido el término jurisdiccional provisto para ello.

La sentencia fué dictada en junio 13, 1950. Los autos contienen copia de una Notificación de Sentencia archivada por el Secretario en junio 15, demostrativa de que el original fué enviado por correo dirigido a "Gerónimo Fonalledas, c/o Lcdo. Virgilio Brunet, Hato Rey, Puerto Rico." El escrito de apelación fué radicado en junio 23. La teoría del

apelado en su moción de desestimación es que el apelante no radicó su apelación dentro de cinco días desde la fecha en que el Secretario archivó en autos la copia de la notificación de sentencia, según lo requiere la ley. *Fog* v. *Corte*, 65 D.P.R. 161; *Sierra, Comisionado* v. *Blondet*, 70 D.P.R. 214.

En apoyo de su oposición a la moción para desestimar, el apelante ha radicado una declaración jurada de Pedro García, jefe de oficinas del apelante, al efecto de que en junio 19, 1950 encontró en el apartado de correos del apelante en Hato Rey un sobre dirigido a éste al cuidado del Lic. Virgilio Brunet, Hato Rey, Puerto Rico; que cuando lo abrió el mismo contenía una notificación de sentencia y copia de la sentencia en este caso; y que el mismo día envió estos documentos por mensajero al Lic. Brunet, abogado del apelante en este caso.

█ Alega el apelante que bajo la Regla 5(*b*) de las Reglas de Enjuiciamiento Civil, la sentencia ha debido ser notificada al abogado del apelante, y que por consiguiente no constituía notificación suficiente el que el secretario de la corte inferior la enviara en un sobre por correo dirigido al propio apelante. No podemos convenir con este argumento porque hemos resuelto que las Reglas no se aplican a apelaciones. *Hernández* v. *Corte Municipal*, 69 D.P.R. 887; *cf. Pueblo* v. *Carmona*, 70 D.P.R. 312.

█ Este caso se gobierna por el artículo 1 de la Ley núm. 11 de 1908 (pág. 124), según ha sido enmendada por la Ley núm. 2 de marzo 14, 1929 (pág. 125), reportada en el Código de Enjuiciamiento Civil, ed. de 1933, pág. 136.(¹)

---

(¹) La sección 1 de la Ley núm. 11 es de aplicación a este caso—una apelación de la corte de distrito al Tribunal Supremo—en vista del hecho de que la Ley núm. 10, Leyes de Puerto Rico, 1917 (II), pág. 217, fué enmendada para que dispusiera que las cortes de distrito tendrán jurisdicción concurrente en. pleitos sobre salarios que exceden de $500, y que el procedimiento en apelación contra sentencia de la corte de distrito a este Tribunal en casos de salarios, será el mismo que el de las apelaciones de la corte municipal a la de distrito en tales casos. Véanse: Ley núm. 17, Leyes de Puerto Rico, 1945 ((1) pág. 45); Ley núm. 150, Leyes de Puerto Rico, 1950 (pág. 407).

La sección primera provee que "en todos los casos en que se pueda establecer el recurso de apelación según lo previsto en esta sección, será deber del secretario de la corte enviar a la parte perjudicada, o a su abogado, al dictarse sentencia o resolución apelable, una notificación escrita informándole a dicha parte perjudicada que tal sentencia o resolución ha sido dictada; y una copia de la dicha notificación será archivada con los autos, debiendo empezar a contarse el término para establecerse el recurso de apelación, desde la 'fecha del archivo de dicha notificación." Hemos interpretado dicha sección primera como que significa que en casos como el presente, la notificación a la parte es suficiente solamente si ésta no está representada por abogado. Cuando los autos demuestran que una parte tiene abogado, el secretario está en la obligación de notificar a éste. *Angleró* v. *Trigo*, 48 D.P.R. 194; *Jusino* v. *Masjuán*, 46 D.P.R. 501.

 La cuestión a resolver aquí es si el enviar la noticación por correo al apelante al cuidado de su abogado, constituye notificación suficiente al abogado. Al pasar sobre esta cuestión, debemos tener en mente el principio de que bajo el artículo 322 del Código de Enjuiciamiento Civil, toda vez que una notificación por correo se considera cumplida cuando se deposita el sobre en el correo, debe darse estricto cumplimiento a la disposición estatutaria. *Tugwell, Gobernador* v. *Barreto*, 65 D.P.R. 500, 505, y casos en él citados. Expuesto en otra forma, la regla que dispone que el término para apelar empieza a correr a partir de la fecha del envío por correo no puede invocarse contra el apelante, a menos que la carta haya sido correctamente dirigida a la propia persona, de modo que pueda recibirla prontamente. En este caso no ocurrió esto. Por el contrario, no fué dirigida al abogado como requiere la ley y éste no la recibió en el correo. Como el apelante tenía un apartado en el mismo correo y como la carta estaba dirigida a él, los empleados postales depositaron la carta en el apartado del apelante, no obstante el hecho de que ésta venía dirigida al cuidado del abogado.

El abogado recibió la notificación finalmente cuatro días después de haber sido puesta en el correo, cuando le fué entregada personalmente por el mensajero del apelante. Por consiguiente, bajo las estrictas normas requeridas en cuanto a notificación sustituta por correo, no podemos resolver que la notificación aquí envuelta quedó cumplida depositándose el sobre en el correo. A lo sumo, la notificación quedó cumplida al recibo de la misma por el abogado en junio 19. La apelación radicada en junio 23 fué hecha, por lo tanto, a tiempo.

Réstanos indicar que el demandante, después que fué notificado con la declaración jurada del jefe de oficinas del apelante, obtuvo y radicó en autos una certificación del Secretario del Tribunal de Distrito al efecto de que en el Registro de Notificaciones por Correo aparece un asiento relativo al envío por correo de la sentencia y notificación de sentencia en este caso dirigidas al Lic. Virgilio Brunet, Apartado 235, Hato Rey, Puerto Rico. Bajo las circunstancias de este caso, no podemos aceptar esta certificación en vista de que (1) la única copia de la notificación de sentencia archivada en los autos de este caso por el secretario demuestra de su faz que el original fué dirigido a Gerónimo Fonalledas, al cuidado del Lic. Virgilio Brunet, Hato Rey, Puerto Rico, y de que (2) el Lic. Brunet ha radicado una declaración jurada al efecto de que nunca recibió en el correo notificación alguna dirigídale expresamente a él.

*La moción para desestimar la apelación será declarada sin lugar.*