CAPARRA COUNTRY CLUB, peticionaria, *v.* JUNTA DE PLANIFICACIÓN DE PUERTO RICO, querellada.

Número 28.

*Sometido:* 24 de septiembre de 1952. *Resuelto:* 12 de noviembre de 1952.

*Jorge Luis Córdova, H. Ramos Mimoso* y *José L. Novas,* abogados de la peticionaria; *Rafael R. Fuertes, A. Sandín del Manzano* y *José E. Nieves,* abogados de la querellada.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

La peticionaria Caparra Country Club ha presentado ante este Tribunal Supremo de Puerto Rico un recurso de revisión en el que solicita que anulemos una resolución de la Junta de Planificación de Puerto Rico, de fecha 5 de marzo de 1952, en virtud de la cual se autorizó la expedición de un permiso de construcción solicitado por la peticionaria, pero con la condición de que la peticionaria construyera una calle en la forma y manera indicada por la Junta. El día 17 de marzo de 1952 la peticionaria solicitó de la Junta que reconsiderara su anterior decisión y por resolución de 8 de junio de 1952 la Junta declaró sin lugar la moción de reconsideración. El recurso de revisión interpuesto por la peticionaria fué radicado en este Tribunal el 22 de agosto de 1952. La ya mencionada Junta de Planificación ha radicado una moción en la que solicita que no se expida el auto en este recurso por no haberse interpuesto el mismo dentro del período de tiempo señalado en la ley conocida como la Ley de Planificación de Puerto Rico, ya que, como alega la Junta, el recurso de revisión fué radicado en este Tribunal más de quince días después de haberse notificado a la peticionaria la resolución declarando sin lugar su moción de reconsideración. La moción de la Junta para que no se expida el auto corresponde prácticamente a una moción de desestimación del recurso.

■■ En su moción la Junta expone que su resolución de 8 de junio de 1952 fué notificada con fecha 9 de julio del mismo año a la parte interesada directamente, o sea, a la entidad Caparra Country Club mediante envío por correo de copia certificada de dicha resolución a la dirección de la peticionaria, Caparra Country Club que, según aparece del expediente radicado en la Junta, es el apartado 4626, San Juan, Puerto Rico; y alega la Junta que a pesar del hecho de que el día 8 de agosto de 1952 uno de los abogados de la peticionaria fué personalmente a la Junta y allí obtuvo copia certificada de la última resolución de la Junta, no habiendo tránscurrido más de quince días desde el día 8 de agosto de 1952 hasta la fecha de la radicación del recurso, sin embargo, esos quince días estatutarios han transcurrido con exceso desde el día 9 de julio del corriente año, fecha en que la peticionaria fué directamente notificada por correo de tal resolución.

En su contestación a la moción de la Junta la peticionaria acepta los hechos alegados en la misma, pero alega que los quince días estatutarios deben ser computados desde el día 8 de agosto de 1952, fecha en que los abogados de la peticionaria fueron notificados, y cita la peticionaria el caso de *Rodríguez* v. *Fonalledas*, 71 D.P.R. 836, a los fines de sostener sus puntos de vista.

El problema en este caso consiste en determinar si los quince días señalados en el artículo 26 de la Ley núm. 213 de 1942 ((1) pág. 1107), según quedó enmendado por la Ley núm. 434 de 1951 (pág. 1227), como período de tiempo fijado para solicitar una revisión ante este Tribunal Supremo de una resolución de la Junta deben computarse desde la fecha en que fueron notificados los abogados de la parte interesada, o desde la fecha anterior en que fué notificada la parte directamente.

El artículo 18 de la Ley ya mencionada, referente a la Junta de Planificación de Puerto Rico, según quedara en-

mendado dicho artículo por la Ley núm. 388 de 11 de mayo de 1950 ((1) pág. 905), en su parte pertinente, dispone lo siguiente:

"La Junta remitirá a todo funcionario o individuo interesado, copias certificadas de todos los acuerdos adoptados por ella que conciernan a dicho funcionario o individuo. . . ."

El artículo 26 de la misma ley, según fué enmendado por la Ley núm. 434 de 14 de mayo de 1951, dispone, en su parte relevante, lo siguiente:

"Cualquier parte directamente interesada en la expedición o denegación de un permiso de construcción, sanitario, o de usos de edificios o terrenos, o en las actuaciones, acuerdos, aprobaciones, denegaciones y desaprobaciones sobre casos o planos de lotificación, contra la cual una petición de reconsideración haya sido solicitada, dentro de un término de quince (15) días a la Junta de Planificación de Puerto Rico y sobre la cual haya rendido o tomado acuerdo y resolución la Junta, según sea el caso, podrá presentar dentro del término de quince (15) días, a partir de la fecha de la notificación de tal acuerdo o resolución de la Junta, copias certificadas de cualesquier de tales resoluciones o acuerdos, para su revisión ante el Tribunal Supremo de Puerto Rico; *Disponiéndose,* que dicha revisión ante el Tribunal Supremo, la (sic) que tiene jurisdicción exclusiva para revisar tales actuaciones o decisiones, podrá concederse y se limitará exclusivamente a cuestiones de derecho."

El artículo 17 del Reglamento de Planificación núm. 1 lee en parte como sigue:

"La Junta remitirá a todo funcionario interesado(¹) copias certificadas de todos los acuerdos adoptados por ella que conciernan a dicho funcionario o individuo; entendiéndose por funcionario o individuo interesado, aquél que aparezca como parte directamente interesada de acuerdo con la documentación obrante en el expediente del caso. Será deber de toda parte directamente interesada suministrar a la Junta su dirección exacta para la debida notificación del acuerdo adoptado y el así no hacerlo, relevará a la Junta de la notificación, según se ha establecido anteriormente."

---

(¹) Debe leerse "funcionario o individuo interesado."

En el caso de *Rodríguez* v. *Fonalledas*, supra, se resuelve que una notificación por correo de una sentencia no queda cumplida con el depósito en el correo cuando el sobre no va dirigido al abogado como requiere la ley sino a la propia parte perjudicada y se resuelve, además, que el término para interponer una apelación debe empezar a computarse desde la fecha en que se notifica al abogado y no desde la fecha en que se haya notificado a la parte interesada. De ser aplicable este último caso a las circunstancias del de autos el recurso de revisión habría sido radicado en este tribunal en tiempo hábil, o sea, dentro de un término de quince días computados a partir de la notificación de la resolución a los abogados de la peticionaria. Sin embargo, en el propio caso de *Rodríguez* v. *Fonalledas*, se explica el alcance de la opinión en la forma siguiente:

"Este caso se gobierna por el artículo 1 de la Ley núm. 11 de 1908 (pág. 124), según ha sido enmendada por la Ley núm. 2 de marzo 14, 1929 (pág. 125), reportada en el Código de Enjuiciamiento Civil, ed. de 1933, pág. 136. La sección primera provee que 'en todos los casos en que se pueda establecer el recurso de apelación según lo previsto en esta sección, será deber del secretario de la corte enviar a la parte perjudicada, o a su abogado, al dictarse sentencia o resolución apelable, una notificación escrita informándole a dicha parte perjudicada que tal sentencia o resolución ha sido dictada; y una copia de la dicha notificación será archivada con los autos, debiendo empezar a contarse el término para establecerse el recurso de apelación, desde la fecha del archivo de dicha notificación.' Hemos interpretado dicha sección primera como que significa que en casos como el presente, la notificación a la parte es suficiente solamente si ésta no está representada por abogado. Cuando los autos demuestran que una parte tiene abogado, el secretario está en la obligación de notificar a éste. *Angleró* v. *Trigo*, 48 D.P.R. 194; *Jusino* v. *Masjuán*, 46 D.P.R. 501."

Se indica en la opinión que el artículo 1 de la Ley núm. 11 de 1908, según enmendado por la Ley núm. 2 de marzo 14 de 1929, cuya ley reglamenta las apelaciones contra sentencias de las cortes anteriormente municipales en pleitos

civiles, es de aplicación a una apelación de las antiguas cortes de distrito a este Tribunal Supremo en casos de reclamaciones de salarios.

Al resolverse en el caso de *Rodríguez* v. *Fonalledas*, supra, que la obligación del secretario de un tribunal es notificar al abogado de la parte y no a la parte en sí, este tribunal se basa en los casos de *Angleró* v. *Trigo*, supra, y *Jusino* v. *Masjuán*, supra. El primero se basó, a su vez, en el de *Jusino* y en el de *Zaragoza* v. *López*, 16 D.P.R. 828, en cuyos últimos dos casos este Tribunal resuelve que las notificaciones de escritos de apelación bajo el Código de Enjuiciamiento Civil están controladas y gobernadas por la disposición general contenida en el artículo 324 de dicho código, que dispone que en todos los casos en que la parte estuviera representada por abogado, la entrega de documentos deberá hacerse a dicho abogado, *en lugar de la parte*. (Bastardillas nuestras.)

La decisión en el caso de *Rodríguez* v. *Fonalledas* está determinada por lo dispuesto, específica y expresamente, en el artículo 324 del Código de Enjuiciamiento Civil. Tal articulado es aplicable exclusivamente a procedimientos ante tribunales de justicia. Los trámites procesales a seguirse en un caso como el de autos deben quedar gobernados, no por el ya citado artículo 324 sino por la Ley de Planificación, que es un estatuto especial aprobado con posterioridad al artículo 324. El procedimiento que debe seguirse en cuanto a apelaciones interpuestas contra decisiones o resoluciones de agencias o juntas administrativas debe ser el establecido en la ley especial que se refiere específicamente a esa junta o agencia administrativa. Cuando un estatuto establece un procedimiento de revisión judicial de una actuación administrativa, el derecho de apelación, en sus términos y requisitos procesales, debe ser determinado y gobernado por ese mismo estatuto especial y por los reglamentos válidos que se aprueben en cumplimiento de ese estatuto. *Levers* v. *Anderson*, 326 U.S. 219; *Stark* v. *Christie*, 19 A.2d 716; *Hartford Accident & Indemnity Co.* v. *Christensen*, 223 S.W.2d 45; *Nichols*

v. *State Compensation Commissioner*, 160 S.E. 854; *Alton Ry. Co.* v. *Illinois Commerce Commission*, 95 N.E.2d 76; en cuyo último caso se resuelve que las apelaciones contra decisiones administrativas son puramente estatutarias y el estatuto especial creador de tal derecho de apelación debe ser seguido y respetado. Véanse, además, 73 C.J.S. 517, 539; Parker, *Administrative Law*, pág. 254; *American Power & Light Co.* v. *Securities & Exchange Commission*, 325 U.S. 385.

En el caso de *National Labor Relations Board* v. *Cheney Cal. Lumber Co.*, 327 U.S. 385, 388, la Corte Suprema de los Estados Unidos dice lo siguiente:

"En qué ocasiones pueda estar disponible una revisión judicial de actuaciones administrativas y bajo qué circumstancias son cuestiones que dependen de la disposición legislativa o congresional especial o particular que autoriza tal revisión judicial . . . (por ejemplo) una objeción no puede ser considerada en una corte de apelaciones si no ha sido formulada ante la junta, ya que debe respetarse ese requisito explícito exigido por el Congreso. *Marshall Field & Co.* v. *National Labor Relations Board*, 318 U.S. 253."

En el caso de *In re Sidell*, 80 N.E.2d 203, se resuelve que las reglas en cuanto a apelaciones tramitadas ante las cortes no son aplicables a agencias administrativas que no son cortes y que un estatuto que se refiere a notificación de apelaciones en cuanto a decisiones de cortes, no es aplicable a agencias administrativas. Tanto la Ley núm. 11 de 1908, ya mencionada, como el citado artículo 324 de nuestro Código de Enjuiciamiento Civil, se refieren a procedimientos o pleitos tramitados ante cortes y no se refieren a procedimientos seguidos ante agencias administrativas.

En el caso de *Federal Communications Commission* v. *Pottsville Broadcasting Co.*, 309 U.S. 134, 143, 144, se dice, en parte, lo siguiente:

"Las diferencias que existen entre entidades administrativas y las cortes en cuanto a su origen y funciones impiden el trasplante al por mayor de las reglas de procedimiento, juicio

y apelación que se han desarrollado en las cortes a la luz de su historia y de su experiencia . . . El asimilar la relación entre esas agencias administrativas y las cortes a la relación entre cortes inferiores y superiores equivale a ignorar los orígenes y los propósitos del movimiento hacia la reglamentación administrativa y al mismo tiempo implica ignorar la extensión y los límites tradicionales del proceso judicial."

Naturalmente, cuando el estatuto específicamente así lo dispone, las Reglas de Procedimiento, en cuanto a apelaciones en casos civiles ordinarios, pueden ser aplicables a la revisión de decisiones administrativas. 73 C.J.S. 539; *State* v. *Rock Island Motor Transit Co.*, 295 N.W. 519. Sin embargo, esa no es la situación en el caso de autos.

Las disposiciones contenidas en nuestra Ley de Planificación con respecto a la revisión de decisiones y resoluciones de la Junta por este Tribunal Supremo se refieren a una situación particular y forman parte de una ley especial que es posterior a las leyes generales sobre apelaciones entre cortes, cuyas leyes están contenidas en el Código de Enjuiciamiento Civil general. Por lo tanto, tales disposiciones de la Ley de Planificación deben prevalecer sobre la Ley núm. 11 de 1908, enmendada por la núm. 2 de marzo 14 de 1929, y sobre el artículo 324 de nuestro Código de Enjuiciamiento Civil.

En el caso de *Toledo P. & W. R. R. Co.* v. *Illinois Commerce Commission*, 31 N.E.2d 293, la ley especial de Empresas de Servicio Público fijaba el término de sesenta días para apelar ante las cortes y fué revalidada después de la Ley General de Práctica Civil que establecía un término de noventa días para apelar. Aunque esta última ley disponía expresamente que ella no era aplicable a aquellos casos en que el procedimiento se reglamentaba por leyes especiales, sin embargo, tal disposición estatutaria corresponde al principio jurídico cuya virtualidad reconocemos al efecto de que una ley general que se refiere a procedimientos en las cortes debe quedar subordinada a una ley especial posterior que establezca el procedimiento a seguirse en agencias adminis-

^trativas. Un estatuto especial que determine ciertos requisitos procesales en cuanto a apelaciones contra decisiones de entidades administrativas debe prevalecer sobre una ley general que se refiera a apelaciones entre tribunales, especialmente si la ley especial es posterior a la general. 4 C.J.S. 892; *In re Initiative Provisions No. 1*, 237 Pac. 460; *Carbone* v. *Zoning Board of Appeals*, 13 A.2d 462. Tal doctrina corresponde a la regla general ya establecida al efecto de que un estatuto especial posterior prevalece sobre una ley general anterior. *París* v. *Canety*, 73 D.P.R. 403; *Abella* v. *Piñero*, 66 D.P.R. 690, 693, 695; *Vázquez* v. *Corte*, 65 D.P.R. 598, en cuyo último caso se resuelve que la Ley especial de Aseguramiento de Sentencias prevalece sobre las disposiciones generales del Código de Enjuiciamiento Civil en cuanto al efecto de una apelación de una sentencia. Véanse, además, por analogía, los casos de *Pueblo ex rel. López* v. *Pérez Peña*, 54 D.P.R. 804; *Pueblo* v. *Nieto*, 64 D.P.R. 882.

Siendo la Ley de Planificación de exclusiva aplicación en cuanto a los requisitos que deben observarse al tramitarse ante este Tribunal un recurso de revisión contra una resolución de la Junta de Planes, procede el formular un breve análisis de las disposiciones estatutarias que gobiernan esta situación. Como hemos visto, el artículo 18 de tal ley, según enmendado por la Ley núm. 388 de 11 de mayo de 1950, dispone que las notificaciones de los acuerdos de la Junta se remitirán a individuos interesados. El artículo 26 dispone que cualquier parte directamente interesada podrá interponer recurso de revisión ante este Tribunal, dentro del período de tiempo estatutario. El artículo 17 del Reglamento de Planificación núm. 1 dispone que el individuo interesado a quien se le remitirán las copias de los acuerdos será aquél que aparezca como parte directamente interesada de acuerdo con la documentación obrante en el expediente del caso y que será deber de toda parte directamente interesada

suministrar a la Junta su dirección exacta para la debida notificación del acuerdo adoptado.

Una interpretación liberal de tales disposiciones conlleva el criterio, que merece nuestra aprobación, al efecto de que el requisito de una notificación al individuo o parte directamente interesada queda cumplido con la notificación a su abogado como agente de la parte. *Pike* v. *Pike*, 167 P.2d 401; 163 A.L.R. 1314; 5 American Jurisprudence, 315, sección 93. Pero tal interpretación no debe extenderse hasta el extremo de concluir que las disposiciones ya citadas de la Ley de Planificación y el Reglamento núm. 1 exigen que la notificación se haga exclusivamente al abogado y no a la parte. El reconocimiento de una alternativa entre el agente y su patrono o principal no justifica el establecimiento de una sustitución total del principal por el agente. Cuando el legislador ha deseado que la notificación se haga solamente al abogado en lugar de la parte, así lo ha dispuesto específicamente tal como lo hizo en el artículo 324 del Código de Enjuiciamiento Civil, que, según hemos visto, no es aplicable a recursos de revisión contra decisiones de la Junta de Planificación. Por el contrario, la Ley de Planificación le da énfasis al individuo o parte "directamente interesada". El Reglamento núm. 1 dispone, como hemos visto, que el "individuo interesado" será aquél que aparezca como parte directamente interesada en la documentación obrante en el expediente del caso, siendo el deber de tal parte el suministrar a la Junta su dirección exacta a los fines de la notificación de acuerdos. Nada hay en tales disposiciones que implique la reproducción de la regla estatuída en el ya citado artículo 324 ni que justifique la inferencia de que la notificación se haga al abogado únicamente, con preterición total de la parte en sí.[2]

[2] En el caso de *Lyydikainen* v. *Industrial Accident Commission* (Cal.) 97 P.2d 993, se resuelve que el artículo 1015 del Código de Enjuiciamiento Civil de California, equivalente al 324 nuestro, es aplicable a un recurso de revisión interpuesto contra una decisión de la Comisión de Accidentes Industriales. El reglamento de la Comisión dispone, en

84

Se podría alegar que, desde el punto de vista de la justicia inmanente y de la conveniencia social, el requisito de notificación exclusiva al abogado ofrece más garantías y mayor protección a los ciudadanos interesados, especialmente en procedimientos administrativos. Pero es el legislador el que debe considerar tales factores. El procedimiento de apelaciones y de recursos de revisión contra decisiones de entidades administrativas es materia a ser gobernada por los estatutos, y no por conceptos abstractos de justicia y utilidad social, cuando esas leyes no lesionan los derechos básicos constitucionales de las personas ni implican la ausencia de una audiencia y oportunidad de ser oído. Como cuestión de hecho, la interpretación que estamos adoptando no excluye la posibilidad de que se notifique al abogado. Esa debería ser la práctica administrativa de la Junta de Planificación. Pero la realidad reflejada en los hechos específicos de este caso nos demuestra que la peticionaria, en sí, fué realmente notificada, en la dirección exacta que ella misma había hecho constar en la Junta. Nada hay en la ley que nos permita llegar a la conclusión de que tal notificación fué completamente ineficaz y no produjo consecuencias legales. Nada hay en la ley que nos permita resolver que los 15 días estatutarios no deben computarse desde que la parte, en sí, fué notificada, si esa notificación se hizo a la parte antes que a su abogado.

En síntesis, la notificación de acuerdos de la Junta de Planificación puede hacerse a la parte en sí o a su abogado y los 15 días señalados por el estatuto para interponer recursos de revisión ante este Tribunal deben empezar a compu-

California, que las notificaciones deben ser enviadas por correo a la parte afectada. Se indica que la frase "la parte afectada" debe ser leída en conexión con dicha sección 1015 al efecto de disponer que la notificación debe ser hecha al abogado exclusivamente y no a la parte. Sin embargo, de la propia opinión surge que la sección 5316 del Código del Trabajo de California, aplicable a acuerdos de la Comisión de Accidentes Industriales de California, dispone expresamente que las notificaciones deben ser hechas de acuerdo con el Código de Enjuiciamiento Civil. Por lo tanto, el caso citado no es de aplicación al de autos.

tarse desde la fecha en que se notifique primero a cualquiera de los dos, en la alternativa. En este caso se notificó en primera instancia a la peticionaria en·sí, y transcurrieron más de 15 días desde la fecha de tal notificación hasta la fecha de la radicación del recurso de revisión en este Tribunal. Por lo tanto, en vista de las disposiciones estatutarias aplicables a este caso, nos vemos precisados a resolver que no procede la expedición del auto solicitado, por carecer este Tribunal de jurisdicción para ello.

El Juez Presidente Interino Sr. Snyder y el Juez Asociado Sr. Negrón Fernández disintieron.