EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| María Ivelisse Torres Alvarado<br><br>Recurrida<br><br>v.<br><br>Ever Ángel Madera Atiles<br><br>Peticionario | Certiorari<br><br>2019 TSPR 91<br><br>202 DPR ____ |

Número del Caso:  CC-2017-787

Fecha: 9 de mayo de 2019

Tribunal de Apelaciones:

     Región Judicial de San Juan – Caguas - Utuado, Panel VII

Abogado de la parte peticionaria:

     Lcdo. Raúl E. Varandela Velázquez

Abogada de la parte recurrida:

     Lcda. Ligia E. Santos Torres

Materia: Derecho Procesal Civil – Obligación de notificar la determinación de una descalificación del abogado de una parte al abogado de récord que fue sujeto de tal descalificación.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

María Ivelisse Torres
Alvarado

     Recurrida

       v.

Ever Ángel Madera Atiles

     Peticionario

CC-2017-787     Certiorari

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

San Juan, Puerto Rico, a 9 de mayo de 2019.

La controversia que nos ocupa en esta ocasión es la siguiente: ¿una determinación respecto a la descalificación del abogado de una parte tiene que ser notificada al abogado de récord que fue sujeto de tal descalificación? Por los fundamentos que expondremos a continuación, contestamos tal interrogante en la afirmativa.

**I**

Este caso ha tenido un tracto procesal complejo ante los foros recurridos, por lo que nos limitaremos a reseñar los hechos que son pertinentes para resolver la controversia.

El Sr. Ever Ángel Madera Atiles y la Sra. María Ivelisse Torres Alvarado sostuvieron una relación consensual en la cual procrearon una hija, quien aún es menor de edad. Tras su separación, la señora Torres Alvarado presentó una demanda sobre custodia y autorización judicial de traslado de la menor en contra del señor Madera Atiles. En síntesis, la señora Torres Alvarado sostuvo que debido a que las partes no pudieron llegar a un acuerdo sobre la menor, ella solicitó la custodia monoparental de la niña y la autorización judicial de su traslado al estado de Florida. Por su parte, el señor Madera Atiles se opuso oportunamente a la mencionada demanda.

Así las cosas, y luego de que las partes presentaran un sinnúmero de mociones, el Tribunal de Primera Instancia emitió una Resolución mediante la cual descalificó a la Lcda. Jessica Hernández Sierra y al Lcdo. Raúl E. Varandela Velázquez, abogados del señor Madera Atiles, "*motu proprio* como medida cautelar, para salvaguardar los derechos de ambas partes y sus respectivos representantes legales".[1]

---

[1] La representación legal del Sr. Ever Ángel Madera Atiles era originalmente la Lcda. Jessica Hernández Sierra. No obstante, la Sra. María Ivelisse Torres Alvarado presentó una solicitud de descalificación en contra de la licenciada Hernández Sierra, en la que adujo que esta última y el señor Madera Atiles eran pareja, por lo que ella estaba sujeta a la evaluación social ordenada por el tribunal. Además, sostuvo que la licenciada Hernández Sierra era una posible testigo en el pleito y que lo que hacía era propiciar mayores controversias e impedir la pronta solución del caso. El señor Madera Atiles se opuso a la descalificación de la licenciada Hernández Sierra y, a su vez, solicitó la descalificación de la Lcda. Ligia E. Santos Torres, representante legal de la señora Torres Alvarado. Conviene

Inconforme con esa determinación, el señor Madera Atiles presentó oportunamente, a través de su representación legal, una extensa moción de reconsideración ante el Tribunal de Primera Instancia. Examinada la referida petición, el 15 de noviembre de 2016 el Tribunal de Primera Instancia emitió una Resolución en la que, en síntesis, sostuvo su decisión en cuanto a la descalificación. Es importante resaltar que el Tribunal de Primera Instancia **únicamente notificó tal determinación al señor Madera Atiles, mas no a sus abogados de récord**, quienes fueron descalificados.[2] El 7 de agosto de 2017, el Tribunal de Apelaciones confirmó la determinación del Tribunal de Primera Instancia.

Inconformes, el señor Madera Atiles -compareciendo por derecho propio- y el licenciado Varandela Velázquez presentaron juntos una Petición de *certiorari* ante esta Curia. En particular, adujeron falta de jurisdicción del Tribunal de Apelaciones debido a que no se había notificado la Resolución del 15 de noviembre de 2016 a los abogados de récord. En esta última se declaró "no ha lugar" la solicitud de reconsideración en cuanto a la descalificación

---

destacar que, posteriormente, el Lcdo. Raúl E. Varandela Velázquez se unió a la representación legal del señor Madera Atiles.

Durante los procedimientos ante el Tribunal de Primera Instancia, la Hon. Carmen Iturbe Acosta, entonces jueza del caso, le exhortó en más de una ocasión a la licenciada Hernández Sierra que considerara renunciar a la representación legal del señor Madera Atiles y que el licenciado Varandela continuara como abogado de récord. Véase *Resolución y Orden*, Apéndice de la Petición de *certiorari*, pág. 241.

[2] Véase *Notificación de archivo en autos de la resolución de moción de reconsideración*, Apéndice de la Petición de *certiorari*, pág. 395.

de éstos.   Expedido el recurso y examinado el expediente del caso, procedemos a resolver mediante los fundamentos que expondremos a continuación.

**II**

A. Aspectos jurisdiccionales

Reiteradamente hemos expresado que la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[3] Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional.[4] Ello, pues los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración.[5]

En ese sentido, hemos expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con ésta son

---

[3] Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 267 (2018); Yumac Home v. Empresas Massó, 194 DPR 96, 103 (2015). Véanse, además: Mun. de San Sebastián v. QMC Telecom, 190 DPR 652, 660 (2014); Cordero et al. v. ARPe et al., 187 DPR 445, 456 (2012); Shell v. Srio. Hacienda, 187 DPR 109, 122 (2012); Cruz Parrilla v. Depto. Vivienda, 184 DPR 393, 403 (2012); S.L.G. Solá-Moreno v. Bengoa Becerra, 182 DPR 675, 682 (2011).

[4] Ruiz Camilo v. Trafon Group, Inc., supra; Horizon v. Jta. Revisora, RA Holdings, 191 DPR 228, 233-234 (2014); Cordero et al. v. ARPe et al., supra, pág. 457; Cruz Parrilla v. Depto. Vivienda, supra, pág. 403.

[5] Ruiz Camilo v. Trafon Group, Inc., supra; Cordero et al. v. ARPe et al., supra, pág. 457; S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873, 883 (2007).

privilegiados y deben atenderse con prioridad.[6]   En consecuencia, al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará con rigurosidad el asunto jurisdiccional como parte de su deber ministerial, pues éste incide directamente sobre el poder mismo para adjudicar una controversia.[7]

Como manifestamos en Yumac Home v. Empresas Massó, 194 DPR 96, 106 (2015), "[u]n recurso que se ha presentado con relación a una determinación que está pendiente ante la consideración del tribunal apelado, o sea, que aún no ha sido finalmente resuelta, se conoce como un 'recurso prematuro'. Sencillamente, el recurso se presentó en la Secretaría antes de tiempo. Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre".[8]   Ello, pues su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento todavía no ha nacido autoridad judicial o administrativa para acogerlo.[9]

---

[6] Ruiz Camilo v. Trafon Group, Inc., supra; Mun. de San Sebastián v. QMC Telecom, supra, pág. 660. Véanse, también: Horizon v. Jta. Revisora, RA Holdings, supra, pág. 234; Cordero et al. v. ARPe et al., supra, pág. 457.

[7] Ruiz Camilo v. Trafon Group, Inc., supra; Shell v. Srio. Hacienda, supra, pág. 123. Véanse, además: Yumac Home v. Empresas Massó, supra, pág. 103; Constructora Estelar v. Aut. Edif. Púb., 183 DPR 1, 22 (2011); Souffront v. A.A.A., 164 DPR 663, 674 (2005).

[8] Véase, además, Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 98 (2008).

[9] Ruiz Camilo v. Trafon Group, Inc., supra; Torres Martínez v. Torres Ghigliotty, supra, pág. 98.

De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia.[10] Es decir, procede la inmediata desestimación del recurso apelativo según lo dispuesto en las leyes y los reglamentos para el perfeccionamiento de estos recursos.[11]

Hay que destacar que esta Curia tiene la responsabilidad de asegurarse de que el foro apelativo intermedio otorgue justicia dentro de la autoridad que se le ha conferido mediante estatuto.[12] Por consiguiente, si el Tribunal de Apelaciones asume jurisdicción en un recurso sin tenerla, es nuestro deber declararlo así y desestimar el recurso, pues claramente los tribunales no tienen discreción para asumir jurisdicción donde no la hay.[13]

B. El requisito de la notificación

Es claro que la notificación de un dictamen judicial es un requisito con el que se debe cumplir como parte del debido proceso de ley en su vertiente procesal, de manera que el ciudadano afectado pueda enterarse de la decisión que se ha tomado en su contra.[14] Así, pues, "[l]a

---

[10] Ruiz Camilo v. Trafon Group, Inc., supra; Mun. de San Sebastián v. QMC Telecom, supra, pág. 660.

[11] Ruiz Camilo v. Trafon Group, Inc., supra; S.L.G. Szendrey-Ramos v. F. Castillo, supra, pág. 883.

[12] Íd.

[13] Yumac Home v. Empresas Massó, supra.

[14] Dávila Pollock et als. v. R.F. Mortgage, 182 DPR 86, 94 (2011). Véase, además, Río Const. Corp. v. Mun. de Caguas, 155 DPR 394, 405

notificación es parte integral de una actuación judicial y para que una resolución u orden surta efecto, tiene que ser no solamente emitida por un tribunal con jurisdicción, sino también **notificada adecuadamente a las partes[,] ya que es a partir de la notificación que comienzan a cursar los términos establecidos**". (Énfasis suplido).[15] En ese sentido, una notificación defectuosa puede conllevar graves consecuencias, demoras e impedimentos en el proceso judicial, así como crear un ambiente de incertidumbre sobre cuándo comienza a transcurrir el término para acudir a un tribunal de mayor jerarquía para revisar el dictamen recurrido.[16] En conclusión, es claro que una notificación defectuosa impide que comience a transcurrir el término para recurrir de cualquier determinación final, ya sea judicial o administrativa.[17]

Ahora bien, las Reglas 65.3 y 67.2 de Procedimiento Civil, 32 LPRA Ap. V, establecen la forma en que se llevará a cabo toda notificación. Particularmente, la Regla 67.2 de Procedimiento Civil, *supra*, dispone, en lo pertinente, que "[s]iempre que una parte haya comparecido **representada por abogado o abogada**, la notificación será

---

(2001); Nogama Const. Corp. v. Mun. de Aibonito, 136 DPR 146, 152 (1994).

[15] R. Hernández Colón, Práctica jurídica de Puerto Rico: Derecho procesal civil, 6ta ed., San Juan, Ed. LexisNexis de Puerto Rico, 2017, pág. 212.

[16] J.A. Cuevas Segarra, Práctica Procesal Puertorriqueña: Procedimiento Civil, San Juan, Pubs. JTS, 1979, Vol. II, pág. 436.

[17] Dávila Pollock et als. v. R.F. Mortgage, supra; Plan Salud Unión v. Seaboard Sur. Co., 182 DPR 714 (2011); Río Const. Corp. v. Mun. de Caguas, 155 DPR 394 (2001).

efectuada al abogado o abogada, a menos que el tribunal ordene que la notificación se efectúe a la parte misma". (Énfasis suplido). Desde Jusino v. Masjuán, 46 DPR 501, 503 (1934), establecimos que "la notificación debe hacerse a la parte o a su abogado: **a la parte cuando sea ella exclusivamente** la que tenga a su cargo la defensa del pleito, y en los demás casos, al abogado en el pleito o procedimiento". (Énfasis suplido). De hecho, en Berríos v. Comisión de Minería, 102 DPR 228, 230 (1974), establecimos que solo en el caso en que una ley o reglamento expresamente lo autorice "y aun así con renuencia, puede aceptarse como suficiente la notificación a una parte ignorando a su abogado". Y es que, como señalamos en esa ocasión, "[u]na vez provisto por estatuto el recurso de apelación […] es parte del debido proceso de ley y por tanto la notificación al abogado que interviene en representación de [la] persona interesada es indispensable en todas las etapas".[18]

Recordemos, como ya hemos manifestado, que una notificación adecuada "no es un mero requisito impuesto por las Reglas de Procedimiento Civil".[19] Ello, pues la notificación "brinda a las partes la oportunidad de advenir en conocimiento real de la determinación tomada a la vez que otorga a las personas cuyos derechos pudieran

---

[18] Berríos v. Comisión de Minería, 102 DPR 228, 230 (1974).

[19] Vélez v. A.A.A., supra, pág. 788; Martínez, Inc. v. Abijoe Realty Corp., 151 DPR 1, 8 (2000), Falcón Padilla v. Maldonado Quirós, 138 DPR 983, 989 (1995).

verse transigidos una mayor oportunidad de determinar si ejercen o no los remedios que le han sido concedidos por ley".[20] Tal oportunidad se afecta si el abogado que la parte contrató para asesoría y representación legal no recibe o recibe de forma defectuosa una notificación sobre una determinación que pudiera afectar los derechos de su cliente.

Todo lo anterior implica que, conforme al texto de la Regla 67.2 de Procedimiento Civil, *supra*, si una parte comparece por medio de su abogado, siempre ha de ser notificada por conducto de su representación legal y, en ocasiones, si así lo entiende necesario el tribunal, podría ordenar, además, la notificación a la misma parte.

C. La descalificación de la representación legal

La Regla 9.3 de Procedimiento Civil, 32 LPRA Ap. V, dispone que un tribunal, en el ejercicio de su poder inherente de supervisar la conducta de los miembros de la profesión legal que postulan ante sí, puede descalificar a un abogado que incurra en conducta que constituya un obstáculo para la sana administración de la justicia o que infrinja sus deberes hacia el tribunal, sus representados o compañeros abogados.[21] De ese modo, el Tribunal de Primera Instancia puede ordenar la descalificación de un

---

[20] Asoc. Vec. Altamesa Este v. Mun. San Juan, 140 DPR 24, 34 (1996).

[21] Job Connection Center v. Sups. Econo, 185 DPR 585, 596 (2012).

abogado cuando ello sea necesario para la solución justa, rápida y económica de los pleitos.[22]

Ahora bien, anteriormente hemos reconocido que la descalificación de un abogado afecta de forma negativa varios aspectos, tales como los derechos de las partes y el trámite de los procedimientos.[23] En armonía con lo anterior, hemos esbozado que "[e]l juez que atiende una moción de descalificación debe analizar si la continuación de la representación legal le causaría un perjuicio o una desventaja indebida en el caso a quien la solicita".[24] Asimismo, esta Curia ha indicado que "[e]l reconocimiento de este derecho demuestra la importancia que tiene un proceso de descalificación para un abogado. Debido a las repercusiones que puede conllevar una descalificación, los abogados deben tener la oportunidad, según las exigencias del debido proceso de ley, de demostrar la posible improcedencia de ésta".[25]

Es evidente que la parte cuyo abogado es descalificado se podría ver afectada económicamente al tener que buscar una nueva representación legal para continuar con los procedimientos y por el retraso en la ventilación del caso, entre otras cosas.[26] Por ello, en

---

[22] Íd.; Meléndez v. Caribbean Int'l. News, 151 DPR 649, 661 (2000).

[23] Job Connection Center v. Sups. Econo, supra, pág. 596.

[24] Job Connection Center v. Sups. Econo, supra, pág. 598.

[25] Íd., pág. 599.

[26] Íd.

Job Connection Center v. Sups. Econo, 185 DPR 585 (2012), resolvimos que las determinaciones sobre descalificaciones de abogados son revisables de forma interlocutoria ante el Tribunal de Apelaciones mediante el recurso de *certiorari*. Además, reconocimos que, ante la determinación de descalificación de un representante legal en un pleito, ese abogado **"y más importante aun, la parte afectada, debe contar con el derecho de [revisar la determinación] y no tener que quedarse atado de brazos y desprovisto de una revisión"**.[27] (Énfasis suplido).

## III

En el caso ante nuestra consideración, el señor Madera Atiles y el licenciado Varandela Velázquez nos solicitan que declaremos que el Tribunal de Apelaciones no tenía jurisdicción para resolver el caso y, por lo tanto, revoquemos el dictamen emitido por ese foro. Este Tribunal ha reconocido el derecho a revisar los dictámenes de descalificación de abogados, según lo dispuesto en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, con el fin de evitar un "fracaso irremediable a la justicia".[28] Como ya expresamos, para garantizar el derecho de revisión y el de un debido proceso de ley, es imperativo que las partes adversamente afectadas por la adjudicación de un asunto reciban del foro una notificación adecuada del

---

[27] Job Connection Center v. Sups. Econo, supra, págs. 600-601.

[28] Íd., pág. 601.

dictamen, de modo que éstas puedan ejercitar su derecho a acudir en alzada.

Cónsono con lo anterior, no hay duda que la parte a quien se le descalifique su representación legal tiene que recibir una notificación al respecto y la misma **tiene que ser adecuada**, pues solo así comienza a transcurrir el término para acudir en revisión.[29] Del expediente de este caso surge que la Resolución emitida por el Tribunal de Primera Instancia el 15 de noviembre de 2016, en la cual se atendió la moción de reconsideración sobre la

---

[29] Conviene destacar que la determinación de cualquier tribunal cuyo término para ser apelada no ha transcurrido se conoce como una determinación final, mas no firme. Desde Bolívar v. Aldrey, Juez de Distrito, 12 DPR 273 (1907), reconocimos tal distinción al señalar que "contra la sentencia firme no cabe recurso de apelación, mientras que contra la sentencia final procede dicho recurso en los casos establecidos por la ley". Así, "[u]na determinación final -judicial, administrativa o municipal- es aquella que resuelve totalmente la cuestión litigiosa y contra la cual procede, a petición de parte, la revisión judicial. Por el contrario, es firme cuando no se puede atacar o revisar judicialmente, pues han transcurrido los términos concedidos por ley o el foro judicial de última instancia adjudicó la controversia". Véase Opinión concurrente del Juez Asociado señor Negrón García en      Asoc. Vec. Altamesa Este v. Mun. San Juan, 140 DPR 24, 40-41 (1996). Véase, además, Suárez v. E.L.A., 162 DPR 43, 62 (2004).

Por otro lado, en múltiples ocasiones hemos reconocido que los tribunales tienen el poder inherente de reconsiderar sus determinaciones y enmendarlas sustancialmente, a solicitud de parte o *motu proprio*, siempre que todavía retengan jurisdicción para hacerlo, esto es, mientras no se haya presentado algún recurso para revisar tal determinación. Véanse Insular Highway v. A.I.I. Co., 174 DPR 793, 807 (2008); Lagares v. E.L.A., 144 DPR 601, 613 (1997); Dumont v. Inmobiliaria Estado, Inc., 113 DPR 406, 413 (1982); El Mundo, Inc. v. Tribunal Superior, 92 DPR 791, 801 (1965).

Lo anterior implica lógicamente que mientras no surjan las circunstancias antes descritas, el dictamen interlocutorio, aunque final, no constituye la "ley del caso", por lo que está sujeto a la reconsideración del tribunal o ser objeto de revisión. En otras palabras, entretanto no prescriba el término para que el tribunal *motu proprio* reflexione o la parte solicite reconsideración o que esta última decida acudir al Tribunal de Apelaciones, la determinación interlocutoria no constituye "ley del caso" y, por lo tanto, se mantiene el *status quo*. Así, mientras una resolución interlocutoria que descalifique al representante legal de una parte advenga final, pero no firme, éste continúa siendo el abogado de récord. Tal dictamen puede ser objeto de reconsideración o, eventualmente, de revisión cuyo resultado pudiera ser finalmente la revocación.

descalificación de los abogados del peticionario, solo fue notificada al señor Madera Atiles y no a sus abogados.

Como tal, es claro que, conforme a la Regla 67.2 de Procedimiento Civil, *supra*, y por consideraciones de debido proceso de ley, el Tribunal de Primera Instancia tiene la obligación y **la parte tiene un derecho a que se le notifique la descalificación a través de su abogado de récord.** Sólo así se cumple con el derecho que le asiste a una parte a ser debidamente asesorada por el abogado que escogió para atender todos sus asuntos y las estrategias legales a seguir en el caso, **incluyendo la descalificación del propio abogado.**[30]

Por consiguiente, en el presente caso la notificación de la Resolución emitida por el Tribunal de Primera Instancia denegando la solicitud de reconsideración fue defectuosa, pues la misma solamente se notificó a la parte, mas no se incluyó a los abogados de récord. Siendo así, el término para acudir en revisión nunca comenzó a transcurrir y, por lo tanto, el Tribunal de Apelaciones no tenía jurisdicción para atender el caso debido a que el recurso de *certiorari* fue prematuro. En vista de lo anterior, procede revocar la determinación del Tribunal de Apelaciones y devolver el caso al Tribunal de Primera Instancia para que notifique **de forma adecuada** la Resolución que dispuso de la moción de reconsideración

---

[30] Claro está, si el representante legal cuenta con la anuencia de su cliente.

sobre la descalificación de la representación legal del señor Madera Atiles, esto a través de los que aún son sus abogados de récord.

**IV**

Por los fundamentos antes expuestos, revocamos la determinación del Tribunal de Apelaciones y ordenamos la devolución del caso al Tribunal de Primera Instancia para que notifique nuevamente la Resolución mediante la cual dispuso de la moción de reconsideración en torno a la descalificación de la representación legal del señor Madera Atiles, conforme a lo aquí resuelto.

Se dictará sentencia de conformidad.

Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

María Ivelisse Torres
Alvarado

     Recurrida

       v.

Ever Ángel Madera Atiles

     Peticionario

CC-2017-787     Certiorari

SENTENCIA

San Juan, Puerto Rico, a 9 de mayo de 2019.

Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, revocamos la determinación del Tribunal de Apelaciones y ordenamos la devolución del caso al Tribunal de Primera Instancia para que notifique nuevamente la Resolución mediante la cual dispuso de la moción de reconsideración en torno a la descalificación de la representación legal del Sr. Ever Ángel Madera Atiles, conforme a lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez hizo constar la siguiente expresión:

> La Jueza Presidenta Oronoz Rodríguez concurre por entender que el Tribunal de Apelaciones, aunque carecía de jurisdicción para evaluar la solicitud de descalificación en los méritos, sí tenía jurisdicción para propósitos de determinar si el Tribunal de Primera Instancia notificó adecuadamente la descalificación que

ordenó. De lo contrario, la parte cuyos abogados fueron descalificados se vería desprovista de un remedio efectivo para corregir la violación a su debido proceso de ley que supone la notificación defectuosa antes aludida.

La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado sin opinión escrita. El Juez Asociado señor Colón Pérez no intervino.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo