EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| HRS Erase, Inc.<br><br>Recurrida<br><br>v.<br><br>Centro Médico del Turabo, Inc.<br><br>Peticionaria | Certiorari<br><br><br>2020 TSPR 130<br><br>205 DPR _____ |
| --- | --- |

Número del Caso:  CC-2019-27

Fecha:  27 de octubre de 2020

Tribunal de Apelaciones:

     Panel II

Abogados de la parte peticionaria:

     Lcdo. Giancarlo Cartagena Avilés
     Lcdo. Rafael E. Díaz González

Abogado de la parte recurrida:

     Lcdo. Carlos Lázaro Castro

Materia:  Procedimiento Civil- Notificación a las partes en el caso de incumplimiento de su representante legal previo a la eliminación de las alegaciones.  La protección que provee esta notificación aplica también a una corporación cuyo representante legal es, a su vez, su empleado.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| HRS Erase, Inc.<br><br>Recurrida<br><br>v.<br><br>Centro Médico del Turabo, Inc.<br><br>Peticionaria | CC-2019-0027 | Certiorari |

Opinión del Tribunal emitida por el Juez Asociado señor ESTRELLA MARTÍNEZ.

San Juan, Puerto Rico, a 27 de octubre de 2020.

Nos corresponde precisar si nuestro ordenamiento jurídico requiere notificar directamente, tanto a la parte demandante como a la demandada, de las consecuencias del incumplimiento de su representante legal, previo a imponer la sanción drástica de la eliminación de sus alegaciones. Lo anterior, en el contexto de las Reglas 34.3(b)(3) y 39.2(a) de Procedimiento Civil de 2009, infra. En caso afirmativo, nos corresponde atender como situación novel, si esa protección aplica también a una corporación cuyo representante legal es, a su vez, empleado en su división legal. Con ello en mente, procedemos a exponer el

trasfondo fáctico y procesal que originó la controversia ante nos. Veamos.

**I.**

El 28 de diciembre de 2016, HRS Erase, Inc. (HRS) presentó una demanda de cobro de dinero en contra del Centro Médico del Turabo, Inc. (CMT) en la cual reclamó una deuda ascendente a $148,148.64. Por su parte, CMT contestó la demanda y admitió adeudarle a HRS un total de $44,468.08 por servicios previamente facturados. Sin embargo, en cuanto al restante reclamado, alegó no deber dicha cantidad o no estar en posición para hacer una determinación al respecto.

El 8 de diciembre de 2018, HRS cursó un interrogatorio a CMT, pero este último no contestó. Por tanto, acudió al Tribunal de Primera Instancia y solicitó que ordenara a CMT a contestar el interrogatorio, so pena de eliminar sus alegaciones. A esos efectos, indicó que "en cumplimiento de lo expresado en [Maldonado v. Srio. de Rec. Naturales, infra,] se solicita que la orden que pueda emitir el Honorable Tribunal en relación a esta solicitud **sea notificada a la parte demandada en propiedad a su dirección**", previo a eliminar sus alegaciones.[1] Ante ello, el Tribunal de Primera Instancia ordenó a CMT a contestar el interrogatorio en un término de veinte (20) días bajo apercibimiento de sanciones. Tal orden se notificó a la

---

[1] (Énfasis suplido). Apéndice de certiorari, Moción solicitando orden en torno a descubrimiento, pág. 53.

representación legal de CMT, mas no directamente a la parte demandada como lo había solicitado HRS.

Posteriormente, HRS informó al Tribunal de Primera Instancia que CMT no contestó el interrogatorio. En consecuencia, el foro primario sancionó a CMT con el pago de $250.00 y le apercibió que, de no contestar el interrogatorio en un término de diez (10) días, eliminaría sus alegaciones. Nuevamente, la orden del Tribunal de Primera Instancia solo se le notificó a la representación legal de las partes, mas no propiamente a CMT.

Ante la inacción de CMT, HRS solicitó al foro primario que eliminara las alegaciones de CMT y que dictara sentencia en rebeldía, de conformidad con la Regla 34.3(b)(3) de Procedimiento Civil de 2009, infra. Así pues, el Tribunal de Primera Instancia emitió una orden en la que eliminó las alegaciones de CMT y señaló vista en rebeldía. Dicha orden solo se le notificó a la representación legal de CMT. Posteriormente, el 15 de mayo de 2018, el foro primario dictó sentencia en rebeldía y declaró con lugar la demanda de HRS. En la misma, el foro primario hizo referencia a la Regla 34.3(b) de Procedimiento Civil de 2009, infra, para fundamentar las sanciones impuestas a CMT.

No obstante, el 8 de junio de 2018, el Lcdo. Carlos Javier Cotto Cartagena (licenciado Cotto Cartagena), representante legal de CMT y abogado de su División Legal, presentó una moción de relevo de sentencia en la cual alegó que "el único responsable de los incumplimientos ha

sido el suscribiente" y no propiamente CMT.[2] Así, abundó en que su condición mental le impidió manejar adecuadamente su carga profesional, lo cual se reflejó en sus incumplimientos con el descubrimiento de prueba solicitado en el caso de epígrafe. A esos efectos, adelantó que estaría renunciando a la representación legal de CMT y que hasta comparecería ante este Tribunal para descontinuar su práctica de la abogacía. El Tribunal de Primera Instancia proveyó <u>no ha lugar</u> y, sucesivamente, emitió un mandamiento de ejecución de sentencia.

A la luz de las revelaciones del licenciado Cotto Cartagena, el 20 de septiembre de 2018, la nueva representación legal de CMT acudió ante el Tribunal de Primera Instancia y presentó una segunda moción de relevo de sentencia.[3] En la misma, sostuvo que la sentencia del foro primario era nula, pues indicó que se le violó el debido proceso de ley de CMT al eliminar sus alegaciones sin notificarle directamente sobre los incumplimientos de su abogado. Arguyó que la Regla 39.2(a) de Procedimiento Civil de 2009, <u>infra</u>, y su jurisprudencia interpretativa exigían que, previo a la aplicación de la sanción drástica

---

[2] Íd., <u>Moción Solicitando Relevo de Sentencia al amparo de la Regla 49.2 de las Reglas de Procedimiento Civil</u>, pág. 67.

[3] Adviértase que, para ese entonces, el licenciado Cotto Cartagena ya había renunciado a sus funciones como abogado de la División Legal de CMT. Asimismo, el 14 y 20 de septiembre de 2018, respectivamente, los licenciados Rafael E. Díaz González y Giancarlo Cartagena Avilés asumieron la representación legal de CMT. Íd., <u>Moción asumiendo representación legal</u> y <u>Moción uniéndose a representación legal</u>, págs. 82-84.

de la eliminación de las alegaciones, se tenía que notificar y apercibir directamente a CMT del incumplimiento incurrido y de las consecuencias de ello.

Por su parte, HRS se opuso y adujo que el foro primario carecía de jurisdicción para atender tal moción. En ese sentido, arguyó que la primera moción de relevo de sentencia presentada por el licenciado Cotto Cartagena había advenido final y firme y, por ende, el Tribunal de Primera Instancia estaba impedido de considerar una segunda solicitud de relevo de sentencia. Asimismo, alegó que, al ser el licenciado Cotto Cartagena empleado de CMT, la notificación a su representación legal bastaba para fines de eliminar sus alegaciones. El Tribunal de Primera Instancia declaró no ha lugar la moción de relevo de sentencia presentada, al concluir que carecía de jurisdicción para atenderla.

Oportunamente, CMT acudió al Tribunal de Apelaciones y reiteró la nulidad de la sentencia del Tribunal de Primera Instancia. Así, resaltó que era norma establecida en nuestro ordenamiento que, previo a la imposición de una sanción como la desestimación o la eliminación de las alegaciones, los tribunales tenían que notificar a las partes propiamente. Ello, en aras de garantizar que las partes estén en pleno conocimiento del incumplimiento de su representación legal y de las consecuencias de tal proceder.

De igual modo, CMT arguyó que el mero hecho de que el licenciado Cotto Cartagena fuese empleado de CMT no

relevaba al tribunal de este deber. Así, expresó que la Regla 39.2(a) de Procedimiento Civil de 2009, infra, no hacía tal distinción, pues burlaría su propósito de garantizar que el o la clienta sea notificada de la conducta desplegada por su representante legal.

En desacuerdo, HRS presentó un alegato en el cual afirmó, en lo aquí pertinente, que la Regla 39.2(a) de Procedimiento Civil de Puerto Rico, infra, la cual exige una notificación directa a la parte antes de la eliminación de las alegaciones, es aplicable solamente a la parte demandante. Igualmente, reiteró que la notificación a un abogado o una abogada que sea empleada de una parte en un litigio constituye a su vez una notificación directa a la parte. Así, adujo que CMT, como patrono del licenciado Cotto Cartagena, asumió la responsabilidad de su manejo negligente del caso.

El Tribunal de Apelaciones denegó la expedición del recurso de certiorari al concluir que el Tribunal de Primera Instancia no incurrió en error, prejuicio o parcialidad. El Honorable Juez González Vargas disintió e hizo constar que hubiese expedido y revocado el dictamen recurrido. A esos efectos, sostuvo que la falta de notificación a CMT sobre el incumplimiento de su representación legal con el descubrimiento de prueba previo a la eliminación de sus alegaciones violó su debido proceso de ley. Debido a lo anterior, concluyó que la sentencia emitida era nula y, por ende, su impugnación no estaba sujeta a término alguno. Incluso, señaló que tal

violación se podía levantar en un pleito independiente fuera del marco regulatorio de un relevo de sentencia.

Inconforme con tal determinación, CMT comparece ante este Tribunal mediante un recurso de <u>certiorari</u> en el cual reitera los argumentos antes expuestos. El 29 de marzo de 2019, el Pleno de este Tribunal expidió el recurso de autos. Siendo ello así, procedemos a resolver la controversia ante nuestra consideración.

## II.

### A.

La Regla 49.2 de Procedimiento Civil de 2009, 32 LPRA Ap. V, dispone que una parte puede solicitar que el tribunal la releve de los efectos de una sentencia. Lo anterior, procederá cuando ocurra alguna de las siguientes circunstancias excepcionales:

> (a) error, inadvertencia, sorpresa o negligencia excusable;
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
> (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
> **(d) nulidad de la sentencia;**
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. (Énfasis suplido). Íd.

El propósito de la precitada regla es proveer un justo balance entre dos intereses conflictivos de nuestro ordenamiento jurídico. Por un lado, se encuentra el

principio de que todo caso se resuelva justamente, mientras que por otro lado se encuentra el interés de que los litigios concluyan. García Colón et al. v. Sucn. González, 178 DPR 527, 540 (2010); Náter v. Ramos, 162 DPR 616, 624 (2004). A la luz de lo anterior, hemos resuelto que la Regla 49.2 de Procedimiento Civil de 2009, supra, debe "interpretarse liberalmente y cualquier duda debe resolverse a favor del que solicita que se deje sin efecto una anotación de rebeldía o una sentencia". Díaz v. Tribunal Superior, 93 DPR 79, 87 (1966).

De ordinario, el foro judicial tiene la discreción de sopesar estos factores y determinar si procede relevar a una parte de los efectos de una sentencia. Náter v. Ramos, supra. De igual modo, como norma general, las mociones de relevo de sentencia deben presentarse "dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia". Regla 49.2 de Procedimiento Civil de 2009, supra. No obstante, tales normas ceden cuando se trata de una sentencia que adolece de nulidad. Rivera v. Algarín, 159 DPR 482, 490 (2003).

En ese sentido, si una parte presenta una moción de relevo de sentencia amparado en el inciso (d) de la Regla 49.2 de Procedimiento Civil de 2009, supra, y demuestra que la sentencia es nula, el foro primario no tendrá discreción para denegar la misma. "[S]i una sentencia es nula, tiene que dejarse sin efecto independientemente de los méritos que pueda tener la defensa o la reclamación

del perjudicado". <u>García Colón et al. v. Sucn. González</u>, supra, págs. 543-544. Lo anterior se debe a que "cuando una sentencia es nula, se tiene por inexistente, por lo que no surte efecto alguno". <u>López García v. López García</u>, 200 DPR 50, 62 (2018).

Asimismo, si una sentencia es nula, la parte promovedora de una moción de relevo de sentencia no está limitada por el término de seis (6) meses antes expuesto. "[A]nte la certeza de nulidad de una sentencia, resulta **mandatorio** declarar su inexistencia jurídica; ello **independientemente** del hecho de que la solicitud a tales efectos se haga con posterioridad a haber expirado el plazo de seis (6) meses". (Énfasis en el original). <u>Montañez v. Policía de P.R.</u>, 150 DPR 917 (2000).

Ahora bien, una sentencia se considera nula cuando el tribunal actuó sin jurisdicción o cuando se quebrantó el debido proceso de ley de alguna de las partes. <u>García Colón et al. v. Sucn. González</u>, supra, pág. 543; <u>Figueroa v. Banco de San Juan</u>, 108 DPR 680, 688 (1979). La nulidad de una sentencia por una violación al debido proceso de ley puede materializarse de distintas maneras. Particularmente, el profesor Rafael Hernández Colón resaltó que el "[q]uebrantamiento del debido proceso de ley es un concepto mucho más amplio y pueden haber tantas manifestaciones del mismo como principios del debido proceso existen y que se hayan quebrantado en un caso en especial". R. Hernández Colón, <u>Práctica jurídica de Puerto Rico: Derecho Procesal Civil</u>, 5ta ed., San Juan, Ed.

Lexisnexis, 2010, sec. 4807, pág. 408. Así, por ejemplo, hemos resuelto que la ausencia de una parte indispensable es una violación al debido proceso de ley que conlleva obligatoriamente el relevo de la sentencia. García Colón et al. v. Sucn. González, supra, pág. 551; López García v. López García, supra, pág. 67.

**B.**

Desde la aprobación de las Reglas de Enjuiciamiento Civil para las Cortes de Puerto Rico de 1943, 32 LPRA Ap. I (derogadas 1958), nuestros tribunales han tenido la facultad de imponer una serie de sanciones en contra de aquellas partes litigantes que incumplan con el descubrimiento de prueba. Véase, Regla 37(d) de Enjuiciamiento Civil para las Cortes de Puerto Rico de 1943, 32 LPRA Ap. I (derogadas 1958). Así pues, bajo la Regla 34.2(b)(1-4) de Procedimiento Civil de 1958, 32 LPRA Ap. II (derogadas 1979), los tribunales tenían la discreción de imponer todas aquellas órdenes que fuesen justas, incluyendo sanciones drásticas tales como la desestimación y la eliminación de las alegaciones, ante la negativa intencional de una parte a cumplir con el descubrimiento de prueba.[4]

Actualmente, la Regla 34.3(b)(3) de Procedimiento Civil de 2009, 32 LPRA Ap. V, dispone lo siguiente:

---

[4]Posteriormente, con la aprobación de las Reglas de Procedimiento Civil de 1979, 32 LPRA Ap. III (derogadas 2009), se eliminó el requisito de intencionalidad para imponer sanciones ante incumplimientos de esta naturaleza. Véase, Regla 34.2 de Procedimiento Civil de 1979, 32 LPRA Ap. III (1979) (derogadas 2009).

> Si una parte . . . deja de cumplir una orden para llevar a cabo o permitir el descubrimiento de prueba . . . el tribunal podrá dictar, con relación a la negativa, todas aquellas órdenes que sean justas; entre ellas las siguientes:
>
> . . .
>
> (3) Una orden para **eliminar alegaciones** o parte de ellas, o para suspender todos los procedimientos posteriores hasta que la orden sea acatada, para desestimar el pleito o procedimiento, o cualquier parte de ellos, o para dictar una sentencia en rebeldía contra la parte que incumpla. (Énfasis suplido). Íd.

Entiéndase, los foros judiciales tienen la facultad de imponer sanciones drásticas, como la eliminación de las alegaciones de una parte, cuando esta incumpla con los parámetros de un descubrimiento de prueba.

Ahora bien, este Tribunal ha sido enfático en que tales sanciones no deben utilizarse livianamente, por lo que exigen un apercibimiento previo a la parte. Así, por ejemplo, hemos expresado que:

> La desestimación de un pleito sin ir a sus méritos como un medio de sanción, debe ser de los últimos recursos a utilizarse después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y, en todo caso, **no debería procederse a ella sin un previo apercibimiento.** (Énfasis suplido). <u>Ramírez de Arellano v. Srio. de Hacienda</u>, 85 DPR 823, 829-830 (1962).

Lo anterior, reconoce que sanciones como la desestimación de un pleito o la eliminación de las alegaciones son medidas drásticas que chocan con nuestra política pública a favor de que los casos se ventilen en sus méritos.

A raíz de estas preocupaciones, este Tribunal ha resuelto que una sanción de esta naturaleza no debe

imponerse sin antes notificar directamente a la parte litigante de los incumplimientos de su representación legal. Precisamente, en Maldonado v. Srio. de Rec. Naturales, 113 DPR 494 (1982), se interpretó el alcance de las sanciones que podía imponer un tribunal bajo la Regla 34.2 de Procedimiento Civil de 1979, 32 LPRA Ap. III (1979) (derogadas 2009), equivalente a la actual Regla 34.3 de Procedimiento Civil de 2009, supra. En esa ocasión, la parte demandada condujo un interrogatorio a la parte demandante y esta última incumplió. El Tribunal de Primera Instancia procedió a imponerle a la parte demandante una sanción económica y le apercibió sobre la posibilidad de sanciones mayores en caso de no contestar el interrogatorio. Ante el subsiguiente incumplimiento de la parte demandante, el foro primario desestimó la causa de acción ante su consideración.

Posterior a la sentencia desestimatoria, la parte demandante acudió a las oficinas de su representación legal, donde advino en conocimiento por primera vez del proceder de su causa de acción. El abogado de la parte demandante admitió expresamente que no manejó el caso diligentemente y que su cliente no estaba al tanto de sus incumplimientos. A raíz de ello, la parte demandante acudió al Tribunal de Primera Instancia y solicitó un relevo de sentencia.

A la luz de estos hechos, este Tribunal concluyó que las sanciones drásticas de la desestimación o la eliminación de las alegaciones no procederán, hasta tanto

se le aperciba directamente a la parte sobre los incumplimientos de su representación legal y de las consecuencias de ello. Particularmente, en Maldonado v. Srio. de Rec. Naturales, supra, se pautó lo siguiente:

> Planteada ante un tribunal una situación que, de acuerdo con la ley y la jurisprudencia aplicables, amerita la imposición de sanciones, éste debe, en primer término, imponer las mismas al abogado [o a la abogada] de la parte. Si dicha acción disciplinaria no produce frutos positivos, procederá la imposición de la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, **tan solo después que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida.** (Énfasis suplido). Íd., pág. 498.

Así, este Tribunal consideró que no se puede desestimar un caso o eliminar las alegaciones de una parte ante un primer incumplimiento con las órdenes del tribunal. En cambio, estimó que para que tal orden fuese justa, primeramente, el tribunal debe notificar y apercibir al abogado o a la abogada de su incumplimiento. Si la representación legal persiste en su incumplimiento, el tribunal deberá notificar directamente a la parte afectada de la situación y apercibirle de las consecuencias de ello. Una vez la parte advenga en conocimiento del trámite procesal de su causa de acción, el tribunal estará facultado para imponer la severa sanción de la desestimación o la eliminación de las alegaciones. En ese sentido, "[u]na parte que haya sido informada y apercibida de esta clase de situación y no tome acción correctiva, nunca se podrá querellar, ante

ningún foro, de que se le despojó injustificadamente de su causa de acción y/o defensas". Íd.

Como puede apreciarse, lo resuelto por este Tribunal enmarcó el alcance del poder de los tribunales para emitir órdenes y sancionar a una parte que incumple con el descubrimiento de prueba. Lo anterior, respondió a la realidad de que en la mayoría de los casos "las partes no están enteradas de la actuación negligente de sus abogados [o abogadas] y, al advenir en conocimiento de ello, la situación es corregida de inmediato". Íd. En consecuencia, "[p]ara proteger a la parte de las actuaciones negligentes de su abogado [o abogada]", se resolvió que el tribunal debe tomar ciertos pasos para garantizar que la parte propiamente advenga en conocimiento de los incidentes procesales de su causa de acción para así tomar acciones correctivas al respecto. Hernández Colón, op. cit., pág. 332.

## C.

Cónsono con lo anterior, existen otras disposiciones en las Reglas de Procedimiento Civil de Puerto Rico que, similarmente, facultan a los tribunales para desestimar causas de acción debido al incumplimiento de las partes con sus órdenes. Particularmente, se trata de la Regla 39.2(a) de Procedimiento Civil de 2009, 32 LPRA Ap. V. Veamos su trasfondo y posterior aprobación.

Bajo las Reglas de Procedimiento Civil de 1979, 32 LPRA Ap. III, los tribunales tenían el poder discrecional de desestimar un pleito cuando ocurriera una de las

siguientes circunstancias: (1) la parte demandante incumplió con alguna orden del tribunal, o (2) la inacción injustificada de las partes por un término mayor a seis (6) meses. Específicamente, la Regla 39.2 de Procedimiento Civil de 1979, 32 LPRA Ap. III, disponía lo siguiente:

> (a) Si el demandante dejare de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado, podrá decretar la desestimación del pleito o de cualquier reclamación contra él.

> (b) El juez administrador ordenará la desestimación y archivo de todos los asuntos civiles pendientes en los cuales no se hubiere efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Íd.

En Mun. de Arecibo v. Almac. Yakima, 154 DPR 217 (2001), este Tribunal analizó el alcance de la precitada regla y abundó sobre su alcance. En esa ocasión, el Tribunal se enfrentó a un caso que estuvo inactivo por catorce (14) meses ante el Tribunal de Primera Instancia. Debido a lo anterior, la parte demandada solicitó la desestimación de la demanda. Ante ello, el foro primario ordenó la celebración de una vista y dio una oportunidad a las partes para que se expresaran en torno a la solicitud presentada. Sin embargo, el Tribunal de Primera Instancia no notificó, ni apercibió directamente a la parte demandante sobre la inacción de su representación legal. Posteriormente, el foro primario desestimó la causa de acción.

Ante estos hechos, este Tribunal validó y extrapoló lo resuelto en Maldonado v. Srio. de Rec. Naturales, supra, al contexto de la Regla 39.2 de Procedimiento Civil de 1979, supra. En ese sentido, resolvió que, ante un escenario de esta naturaleza, los tribunales deben primeramente imponer sanciones al abogado o a la abogada de la parte. Mun. de Arecibo v. Almac. Yakima, supra, págs. 224-225. En caso de que dicha sanción no surtiera efectos positivos, los tribunales deberán notificar a la parte propiamente para cerciorarse de que esta ha sido debidamente informada de la situación y de los efectos de no tomar alguna acción correctiva al respecto. Íd. Si la parte continúa incumpliendo las órdenes o no toma acción alguna para activar el caso, entonces los foros judiciales estarían facultados para acudir a las severas sanciones de la desestimación de la demanda o la eliminación de las alegaciones.

En virtud del precedente de Mun. de Arecibo v. Almac. Yakima, supra, la Asamblea Legislativa enmendó las Reglas de Procedimiento Civil de 1979, 32 LPRA Ap. III. Ley Núm. 493-2004, (Parte 3) 2004 LPR 3295. Precisamente, el propósito de ello fue codificar las limitaciones impuestas jurisprudencialmente sobre los distintos pasos que tienen que tomar los tribunales ante el incumplimiento de los abogados y las abogadas con sus órdenes. Íd., págs. 3296-3297. Así, se enmendó la Regla 39.2 de Procedimiento Civil de 1979, supra, para que leyera como sigue:

(a) Si el demandante dejare de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado, podrá decretar la desestimación del pleito o de cualquier reclamación contra él *o la* eliminación de las alegaciones, según corresponda.

Cuando se trate de un primer incumplimiento la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, tan sólo procederá después que el tribunal, **en primer término, haya apercibido al abogado de la parte de la situación y se le haya concedido oportunidad para responder. Si el abogado de la parte no respondiese a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones.** El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término. (Énfasis suplido). Íd.

Adviértase que inicialmente estos párrafos no estaban separados entre sí. De acuerdo con el Diario de Sesiones del Senado de Puerto Rico, el Senador Martín García posteriormente propuso que se separaran los mismos. Al así hacerlo, hizo las siguientes expresiones:

Y digo para propósitos del registro, señor Presidente, que el propósito de esta enmienda es que **el derecho que aquí se le concede al abogado y a las partes es uno que operará cuando haya un primer incumplimiento que de ahí en adelante** si el abogado o la parte vuelven a incumplir el juez retiene la discreción que tiene hasta el momento para imponer como sanciones la desestimación o la eliminación de las alegaciones. (Énfasis suplido). Diario de Sesiones del Senado de Puerto Rico 29635, 5ta Ses. Ord., 14ta Asamb. Leg. (2003).

Como puede apreciarse, la Regla 39.2(a) de Procedimiento Civil de 1979, *supra*, claramente dispuso que, previo a eliminar las alegaciones o a desestimar una causa de acción, el tribunal debe notificar a la parte que incumple -indistintamente de cuál sea- del incumplimiento de su representación legal. A pesar de que el primer párrafo de la Regla 39.2(a) de Procedimiento Civil de 1979, *supra*, hizo alusión a la parte demandante, en su intención legislativa no consta la exclusividad del remedio del segundo párrafo para una sola parte. Por el contrario, el historial legislativo revela que el propósito fue que fuese aplicado indistintamente de quién sea la parte que incumple con una regla u orden del tribunal. De hecho, así consta en el Informe rendido por el Secretariado de la Conferencia Judicial y Notarial, en el cual se reconoció que la Regla 39.2(a) de Procedimiento Civil de 1979, *supra*, "se modificó para aclarar que la orden de mostrar causa por la cual no debe desestimarse el pleito debe notificarse a **las partes** y a sus abogados". (Énfasis suplido). <u>Informe de Reglas de Procedimiento Civil</u>, Secretariado de la Conferencia Judicial y Notarial, marzo 2008, pág. 456 https://www.ramajudicial.pr/sistema/supremo/conferencia/INFORME-DE-REGLAS-DE-PROC-CIVIL-MARZO2008.pdf (última visita 15 de junio de 2020).

De igual manera, no podemos obviar que el propósito legislativo fue precisamente incorporar los pronunciamientos jurisprudenciales que favorecen que la

parte propiamente conozca el incumplimiento de su representante legal. En ese sentido, tanto en Maldonado v. Srio. de Rec. Naturales, supra, como en Mun. de Arecibo v. Almac. Yakima, supra, se exige que, previo a implantar una sanción tan drástica como la eliminación de las alegaciones, se le notifique directamente a la parte del proceder de su causa de acción. En estos precedentes, este Tribunal no limitó tal remedio a alguna parte en específico. Al contrario, el énfasis ha sido dirigido a salvaguardar el derecho de la parte litigante a que su caso se dilucide en sus méritos. Lo anterior, en reconocimiento de que en la mayoría de los casos las partes no están al tanto de los pormenores procesales de su causa de acción.

Una vez se aprobaron las Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V, la Regla 39.2(a) no sufrió cambios significativos.[5] Al mantener el contenido esencial

---

[5]Actualmente, la Regla 39.2 (a) de Procedimiento Civil de 2009, 32 LPRA Ap. V, dispone lo siguiente:

(a) Si el demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda.

Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido

de la precitada regla, no se limita la aplicación de su segundo párrafo a alguna parte en particular. Al contrario, el tribunal estará obligado a notificar directamente a la parte sobre el incumplimiento de su representación legal, indistintamente de qué parte se trate, sea demandante o demandada. Luego de apercibir a la parte propiamente en torno a las consecuencias de un repetido incumplimiento, podrá imponer las sanciones antes discutidas.

Es importante destacar que en Mejías v. Carrasquillo, 185 DPR 288 (2012), implícitamente validamos la determinación del Tribunal de Primera Instancia de eliminar las alegaciones de la parte demandada, ante su reiterado incumplimiento con las órdenes del foro primario. Íd., págs. 303-304. Cónsono con ello hoy precisamos, sin ambages, que no se limitó la aplicación del segundo párrafo de la Regla 39.2(a) de Procedimiento Civil de 2009, 32 LPRA Ap. V, a la parte demandante únicamente.

En fin, como puede apreciarse, las Reglas 34.3(b)(3) y 39.2(a) de Procedimiento Civil de 2009, supra, exigen que, previo a la imposición de una sanción como la eliminación de las alegaciones, se notifique y aperciba

---

debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.

directamente a la parte. Según adelantado, la aplicación de estas Reglas debe entenderse hábil de igual manera para ambas partes, indistintamente si es la parte demandante o la parte demandada quien ha incumplido con una orden del tribunal. Así lo interpretó el tratadista José A. Cuevas Segarra quien, al analizar específicamente la Regla 34.3(b)(3), señaló lo siguiente:

> **El caso normativo en esta jurisdicción sobre el asunto es Maldonado [v. Srio. de Rec. Naturales], según modificado por lo dispuesto en la Regla 39.2 (a).** En el mismo se resuelve que planteada una situación que, de acuerdo a la ley y la jurisprudencia aplicable, amerita la imposición de sanciones, el Tribunal debe, en primer término, imponer las mismas al abogado de la parte. Si dicha acción disciplinaria no surte efectos positivos, procederá la imposición de la severa sanción de la desestimación de la demanda y/o la eliminación de las alegaciones tan sólo después que la parte propiamente haya sido informada y/o apercibida de la situación y de las consecuencias que puede tener el que la misma no sea corregida. (Énfasis suplido). J. A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1015 (2017).

**D.**

Según hemos discutido extensamente, las Reglas 34.3(b)(3) y 39.2(a) de Procedimiento Civil de 2009, supra, exigen una notificación directa a la parte, previo a imponer una sanción como la eliminación de las alegaciones o la desestimación de una demanda. Ahora bien, debemos abundar en el alcance de tal notificación. Particularmente, si la notificación a un abogado o una abogada que representa a una corporación en un pleito y que, a su vez, es empleado de la compañía, cumple

dualmente con la exigencia de notificación directa a la parte. Veamos.

La Regla 67.2 de Procedimiento Civil de 2009, 32 LPRA Ap. V, dispone que "[s]iempre que una parte haya comparecido representada por abogado o abogada, la notificación será efectuada al abogado o abogada, **a menos que el tribunal ordene que la notificación se efectúe a la parte misma**". (Énfasis suplido). Desde Jusino v. Masjuán, 46 DPR 501 (1934) este Tribunal ha dispuesto que, como norma general, toda notificación se dirige "a la parte cuando sea ella exclusivamente la que tenga a su cargo la defensa del pleito, y en los demás casos, al abogado [o a la abogada] en el pleito o procedimiento". Íd., pág. 503.

No obstante, el tratadista José A. Cuevas Segarra reafirma que, ante situaciones de incumplimiento con el descubrimiento de prueba, el tribunal debe cumplir con los requisitos procesales antes discutidos en torno a la notificación directa a la parte. Cuevas Segarra, op. cit., T. V, pág. 1889. Entiéndase, debe notificar directamente a la parte para apercibirle de los incumplimientos de su representación legal.

Lo anterior, responde a que la notificación adecuada es un componente medular de la administración de la justicia, pues "brinda a las partes la oportunidad de advenir en conocimiento real de la determinación tomada, a la vez que otorga a las personas cuyos derechos pudieran verse transgredidos una mayor oportunidad de determinar si ejercen o no los remedios que le han sido concedidos por

ley". <u>Asoc. Vec. Altamesa Este v. Mun. San Juan</u>, 140 DPR 24, 34 (1996). Es por ello que la falta de una notificación adecuada trastoca las garantías del debido proceso de ley. <u>Olivo v. Srio. de Hacienda</u>, 164 DPR 165, 178 (2005).

Examinado el derecho aplicable, procedemos a resolver la controversia ante nuestra consideración.

**III.**

En el caso de epígrafe, HRS presentó una demanda en contra de CMT. En el transcurso del litigio, CMT incumplió con varias órdenes del foro primario relacionadas con el descubrimiento de prueba. Debido a lo anterior, HRS solicitó al Tribunal de Primera Instancia que sancionara a CMT mediante la eliminación de sus alegaciones. **Al así hacerlo, la propia HRS solicitó que, previo a imponer tal sanción de naturaleza tan severa, se le notificara directamente a CMT de los incumplimientos de su representación legal.** A pesar de lo anterior, el foro primario eliminó las alegaciones de CMT sin apercibirle a esta directamente y, posteriormente, dictó sentencia en su contra. En tal sentencia, el Tribunal de Primera Instancia fundamentó las sanciones impuestas en la Regla 34.3(b) de Procedimiento Civil, <u>supra</u>.

Posteriormente, el licenciado Cotto Cartagena, abogado de CMT, compareció ante el Tribunal de Primera Instancia mediante una moción de relevo de sentencia y admitió expresamente que su condición mental le impidió atender el caso de epígrafe diligentemente. A esos

efectos, expresó que CMT no estuvo al tanto de sus incumplimientos con las órdenes del tribunal, por lo que no pudo tomar las acciones correctivas necesarias. El foro primario declaró <u>no ha lugar</u> a la misma.

Oportunamente, CMT contrató una nueva representación legal y rápidamente, esta presentó una segunda moción de relevo de sentencia. Alegó que, a la luz de las revelaciones del licenciado Cotto Cartagena, procedía relevar a CMT de los efectos de la sentencia dictada. El Tribunal de Primera Instancia declaró <u>no ha lugar</u> a la misma.

En consecuencia, CMT comparece ante nos y arguye que la sentencia dictada por el Tribunal de Primera Instancia es nula. Hizo lo anterior debido a que no se le notificó directamente a CMT de los incumplimientos de su abogado previo a imponer la drástica sanción de la eliminación de las alegaciones. En ese sentido, indica que el foro primario actuó en contra de la Regla 39.2(a) de Procedimiento Civil de 2009, <u>supra</u>, y de su jurisprudencia interpretativa. Al así hacerlo, arguye que se violentó su debido proceso de ley.

Por otro lado, HRS sostiene que el Tribunal de Primera Instancia no tenía jurisdicción para atender una segunda moción de relevo de sentencia. Además, alega que CMT no debía ser notificada directamente de los incumplimientos de su representación legal por dos (2) razones principales. En primer lugar, aduce que la Regla 39.2(a) de Procedimiento Civil de 2009, <u>supra</u>, solo exige

que se notifique directamente a la parte demandante, mas que ello no aplica a CMT por ser parte demandada. En segundo lugar, indica que, en la alternativa, la notificación al licenciado Cotto Cartagena fue suficiente para estos propósitos, debido a que este era empleado de CMT.

Según discutido, la Regla 49.2 de Procedimiento Civil de 2009, supra, permite que las partes litigantes soliciten, a modo excepcional, que se les releve de los efectos de una sentencia. Uno de los fundamentos que se puede invocar para ello es la nulidad de la sentencia dictada por alguna violación al debido proceso de ley. Si la moción de relevo de sentencia demuestra que la sentencia en controversia es nula, no hay discreción para denegarla. Pasemos, pues, a evaluar si en este caso hubo una violación al debido proceso de ley de CMT que anuló la sentencia ante nuestra consideración.

Como se expuso anteriormente, las Reglas de Procedimiento Civil de 2009, supra, contienen dos (2) disposiciones que facultan a los tribunales a imponer una serie de sanciones ante el incumplimiento de las partes con sus órdenes. Por un lado, la Regla 34.3(b)(3) de Procedimiento Civil de 2009, supra, regula los incumplimientos con las órdenes relacionadas con el descubrimiento de prueba, mientras que la Regla 39.2(a) de Procedimiento Civil de 2009, supra, trata sobre el incumplimiento con órdenes de cualquier naturaleza.

Previamente, en <u>Maldonado v. Srio. de Rec. Naturales</u>, supra, resolvimos que una sanción de eliminación de alegaciones o de desestimación de una demanda en virtud de la Regla 34.3(b)(3) de Procedimiento Civil de 2009, <u>supra</u>, exige una notificación previa y directa a la parte. Cónsono con ello, en <u>Mun. de Arecibo v. Almac. Yakima</u>, supra, extrapolamos lo resuelto en <u>Maldonado v. Srio. de Rec. Naturales</u>, supra, al contexto de la Regla 39.2(a) de Procedimiento Civil de 2009, <u>supra</u>. Por tanto, el requisito de la notificación previa se extendió igualmente a esta precitada regla. Actualmente, tal requisito está codificado expresamente en el segundo párrafo de la Regla 39.2(a) de Procedimiento Civil de 2009, <u>supra</u>, mas no en la Regla 34.3(b)(3) de Procedimiento Civil de 2009, <u>supra</u>.

Indistintamente de lo anterior, **hoy precisamos y reafirmamos sin ambages que ambas reglas exigen que, previo a imponer una sanción tan drástica como lo es la eliminación de las alegaciones o la desestimación de una causa de acción, el tribunal tiene que apercibir directamente a la parte sobre el incumplimiento de su representación legal con las órdenes del tribunal y de las consecuencias de ello.** Según precisamos anteriormente, **esta norma no contempla distinción de parte alguna.**

Por otra parte, consideramos irrazonable concluir que tal notificación se satisface al dirigirse únicamente a un abogado o una abogada simplemente porque es empleada de la parte propiamente. A fin de cuentas, el requisito de notificación directa tiene como propósito garantizar que

la parte advenga en conocimiento de las acciones de su abogado o abogada en el pleito y que esta tenga la oportunidad de tomar acciones correctivas. Resolver que la notificación a la representación legal es suficiente, burlaría el objetivo y la finalidad de la notificación directa. Las consideraciones jurisprudenciales previas aplican a todo tipo de parte, ante el interés de evitar que el desconocimiento de un cliente de los incumplimientos de su representante legal tenga unas consecuencias severas en el reclamo de sus derechos. Máxime cuando las corporaciones no se auto representan.

Un tratamiento diferente a una corporación, ciertamente obviaría las mencionadas protecciones que contempla nuestro ordenamiento. Además, conllevaría ignorar que, para fines de la discusión de esta controversia novel, debemos tener presente que las propias Reglas de Procedimiento Civil contemplan un tratamiento distinto entre el representante legal y la corporación representada legalmente. Ello, pues la Regla 9.4 Procedimiento Civil, 32 LPRA Ap. V, excluye la posibilidad de auto representación de una corporación. En ese sentido, la responsabilidad profesional de un abogado o una abogada, para fines del cumplimiento con la normativa que enmarca esta controversia, no se diluye por razón de ser empleado en la nómina de su cliente.

Una interpretación contraria no mantendría en igualdad de condiciones a todas las personas naturales y jurídicas que se benefician de la protección de una

adecuada notificación en las situaciones de incumplimiento de sus representantes legales, a fin de protegerse de drásticas sanciones contra la parte. **A esos fines, precisamos que una corporación tampoco puede ser excluida de dicha protección, independientemente del arreglo laboral que tenga con su representación legal. Es decir, el hecho de que un abogado o una abogada sea empleado a tiempo completo de un cliente, no es un eximente para cumplir con la garantía de notificación a toda parte.**

Conforme a lo anterior, si bien es cierto que coincidimos en que la conducta desplegada por el licenciado Cotto Cartagena fue digna de sanciones, no es menos cierto que en este caso no se cumplió con el requisito de notificación **directa a la parte**, antes expuesto. En efecto, en este caso aplica propiamente la Regla 34.3(b)(3) Procedimiento Civil de 2009, supra, pues la sanción se impuso a raíz de incumplimientos con órdenes relacionadas con el descubrimiento de prueba. Sin embargo, bajo ambos supuestos, hay una norma clara tanto en la jurisprudencia como en la ley que exige un apercibimiento directo a la parte en estas circunstancias.

En el caso de autos, ante el primer incumplimiento de CMT, el Tribunal de Primera Instancia actuó correctamente al haber apercibido al licenciado Cotto Cartagena y al brindarle una oportunidad de contestar el interrogatorio en pugna. Sin embargo, una vez el abogado incumplió esta orden, el Tribunal de Primera Instancia debió imponer una segunda sanción al licenciado Cotto Cartagena **y, a su vez,**

**notificar directamente a CMT sobre los incumplimientos de su representación legal y de las consecuencias que podía tener el que estos incumplimientos no fuesen corregidos.** El Tribunal de Primera Instancia obvió, incorrectamente, este último requisito. Del expediente se desprende que CMT nunca fue apercibido propiamente de los incumplimientos del licenciado Cotto Cartagena.

Es precisamente en este tipo de casos que los requisitos procesales antes discutidos cobran relevancia. Máxime cuando, tal y como sucedió en el caso de autos, la experiencia señala que en la gran mayoría de los casos la parte no está enterada de todos los trámites rutinarios que realiza su representación legal. Precisamente, la falta de una notificación directa a CMT, le privó de la oportunidad de corregir el incumplimiento de su representación legal.

De igual modo, es forzoso concluir que la notificación al licenciado Cotto Cartagena no constituyó una notificación directa a CMT. Resolver lo contrario constituiría una ficción que no encuentra apoyo en los cimientos de nuestro ordenamiento y, más relevante aún, infringiría el debido proceso de ley de CMT, según reconocido en las Reglas de Procedimiento Civil de 2009, 32 LPRA Ap. V.

A la luz de estos fundamentos, resolvemos que el Tribunal de Primera Instancia erró al eliminar las alegaciones de CMT, sin antes haberle notificado directamente del incumplimiento de su representación legal

y de las consecuencias que ello podía tener. Lo anterior, indudablemente constituye una violación al debido proceso de ley de CMT, por lo que la sentencia dictada es nula. Al ser nula, los tribunales carecemos de discreción para denegar la moción de relevo de sentencia.

**IV.**

Por lo anteriormente expuesto, revocamos al Tribunal de Apelaciones y devolvemos el caso al Tribunal de Primera Instancia para que continúen los procedimientos en el caso de conformidad a lo aquí dispuesto.

Se dictará sentencia de conformidad.


Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| HRS Erase, Inc.<br><br>Recurrida<br><br>v.<br><br>Centro Médico del Turabo, Inc.<br><br>Peticionaria | CC-2019-0027 | Certiorari |

SENTENCIA

San Juan, Puerto Rico, a 27 de octubre de 2020.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se revoca al Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para que continúen los procedimientos en el caso de conformidad a lo aquí dispuesto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina.

María I. Colón Falcón
Secretaria del Tribunal Supremo Interina