ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| JOSÉ CALDERÓN, CARLOS CALDERÓN EN REP. DE ENRIQUE CALDERÓN NIEVES<br><br>Peticionarios<br><br>v.<br><br>HOGAR BRISAS DE AMOR<br><br>Recurrido | KLCE202400727 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Caso Núm. OPE 2024-001<br><br>Sobre: Ley Núm. 121 |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de octubre de 2024.

I.

En enero del 2024 los hermanos Carlos y José E. Calderón Garnier, hijos mayores del Sr. Enrique Calderón Nieves, presentaron a nombre de su padre una solicitud de *Orden de Protección* contra el Hogar Brisas de Amor (Hogar). Don Enrique fue ingresado allí por su esposa Eva Garnier antes de esta trasladarse a vivir a Florida cerca de otro de sus hijos, Javier. Alegaron que el ingreso al Hogar había sido en contra de la voluntad de Don Enrique.

Tras la celebración de varias vistas para atender la solicitud, y en la que participaron funcionarios del Departamento de la Familia, mediante *Resolución* emitida el 29 de mayo de 2024, notificada el 30, el Foro recurrido dispuso:

    a. El Sr. Enrique Calderón Nieves permanecerá de momento en el Hogar Brisas de Amor.

    b. Se prohíben terminantemente las visitas de los Peticionarios Carlos Calderón Garnier y José E. Calderón Garnier a su padre.

    c. La Sra. Eva Garnier Etanislao podrá visitar libremente a su esposo en el Hogar Brisas.

    d. Se otorga la custodia de manera provisional del adulto mayor al Departamento de la Familia.

Número Identificador

RES2024_____

e. No se expide la Orden de Protección solicitada.

f. Se ordena el archivo de la presente acción civil.[1]

Insatisfechos, el 1 de julio de 2024, los hermanos Calderón Garnier recurrieron ante nos mediante *Certiorari*.  Plantean:

**Primer Error**
ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA SALA MUNICIPAL AL EMITIR UNA RESOLUCIÓN QUE NO SE AJUSTA A LA PRUEBA, A LO SOLICITADO Y EN VIOLACIÓN AL DEBIDO PROCESO DE LEY.

**Segundo Error**
ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA SALA MUNICIPAL PRIVANDO A LOS PETICIONARIOS DE LAS VISITAS Y COMPARTIR CON SU PADRE SIN QUE HUBIESE UNA SOLICITUD A ESOS [E]FECTOS Y CONCEDI[É]NDOLE LA CUSTODIA AL DEPARTAMENTO DE LA FAMILIA ESTANDO SUS HIJOS EN PUERTO RICO DISPONIBLES PARA EL CUIDO DE SU PADRE.

El 26 de agosto de 2024 compareció el Hogar mediante MOCIÓN SOLICITANDO DESESTIMACIÓN POR FALTA DE NOTIFICACIÓN DE RESOLUCIÓN DEL TRIBUNAL DE PRIMERA INSTANCIA. También planteó que el presente recurso, resultaba **académico** toda vez que, el 16 de agosto de 2024, Don Enrique había sido trasladado a otro hogar para envejecientes.

El 4 de septiembre de 2024 concedimos plazo de diez (10) días a los peticionarios hermanos Calderón Garnier para que mostraran causa por la cual no debíamos desestimar el recurso. El 17 de septiembre los hermanos Calderón Garnier nos solicitaron prórroga de cinco (5) días para expresarse, la cual fue concedida. El 30 de septiembre de 2024 comparecen los peticionarios mediante una *Oposición a moción solicitando desestimación por falta de notificación de Resolución del Tribunal de Primera Instancia.* Con el beneficio de la comparecencia de las partes, el expediente judicial, el derecho y jurisprudencia aplicables, resolvemos.

II.

Por exigencia del debido proceso de ley, en todo procedimiento adversativo es esencial la notificación adecuada de todos los incidentes

---

[1] Anejo II del recurso, pág.8.

procesales relevantes al proceso.[2] La Regla 67 de Procedimiento Civil[3] reglamenta lo concerniente a la notificación y presentación de escritos. Primero, la Regla 67.1[4] regula cuándo se requiere la notificación. Así, dicha disposición reglamentaria establece lo siguiente:

> **Se notificará a todas las partes** toda orden emitida por el tribunal y **todo escrito presentado por las partes. La notificación se efectuará el mismo día en que** se emita la orden o **se presente el escrito.**
> No será necesario notificar a las partes en rebeldía por falta de comparecencia, excepto que las alegaciones en que se soliciten remedios nuevos o adicionales contra dichas partes se les notificarán en la forma dispuesta en la Regla 4.4 o, en su defecto, por la Regla 4.6, para diligenciar emplazamientos.[5]

Por su parte, la Regla 67.2[6] regula la **forma** en que deben notificarse los escritos judiciales. La precitada Regla establece que siempre que una parte haya comparecido al pleito representada por un abogado, la notificación se remitirá al abogado, a menos que el tribunal ordene que se le notifique a la propia parte.[7] Así pues, la notificación al abogado o a la parte se efectuará entregándole copia o enviándole copia por correo, fax o correo electrónico a la última dirección que se haya consignado en el expediente por la parte que se representa por derecho propio o a la dirección del abogado que surja del registro del Tribunal Supremo para recibir notificaciones.[8] Desde *Jusino* v. *Masjuán*,[9] nuestro Tribunal Supremo ha dispuesto que, como norma general, toda notificación se dirige "a la parte cuando sea ella exclusivamente la que tenga a su cargo la defensa del pleito, y en los demás casos, al abogado en el pleito o procedimiento".[10]

De igual forma, la Regla 65.3 de Procedimiento Civil,[11] establece lo relativo a las notificaciones hechas por el tribunal. En particular, y cónsono con lo dispuesto en la Regla 67.2 antes mencionada, la Regla 65.3 dispone que, inmediatamente después de archivarse en autos copia de una

---

[2] *Hernández* v. *Secretario*, 164 DPR 390, 396 (2005).
[3] 32 LPRA Ap. V, R. 67.
[4] *Íd.* R. 67.1.
[5] *Íd.* (Énfasis suplido).
[6] *Íd.* R. 67.2.
[7] *Íd.*
[8] *Íd.*
[9] *Jusino* v. *Masjuán*, 46 DPR 501 (1934).
[10] *Íd.*, pág. 503.
[11] 32 LPRA Ap. V, R. 65.3.

resolución, orden o sentencia, el secretario notificará esto a todas las partes en el pleito, según lo indicado en la Regla 67.[12]

De ordinario, "el depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales se requiera por estas reglas una notificación del archivo de la resolución, orden o sentencia".[13] La importancia de la notificación estriba en el efecto que ésta supone con respecto a los procedimientos posteriores a un dictamen del Tribunal.[14] Para que una determinación del Tribunal surta efecto, el debido proceso de ley requiere que se notifique a las partes la resolución u orden que recoja dicha determinación.[15] Únicamente así las partes advienen en conocimiento de lo resuelto de modo que puedan solicitar oportunamente los remedios procesales que puedan proceder. Una determinación contraria a ello podría afectar adversamente a las partes litigantes por algo que desconocen.[16] **La notificación es, pues, parte integral de la actuación judicial y afecta el estado procesal del caso**.[17]

Asimismo, la Regla 67.6,[18] referente a la presentación y notificación de escritos por medios electrónicos, dispone, en lo pertinente, que:

> El envío electrónico a la dirección o portal establecido por el Juez Presidente del Tribunal Supremo de Puerto Rico para cada Secretaría del Tribunal General de Justicia constituirá la presentación de escritos en el tribunal y en la Secretaría a la que se refiere estas Reglas. La presentación electrónica del escrito constituirá, a su vez, la notificación que debe efectuarse entre abogados, abogadas y partes que se autorrepresentan. . .[19]

### III.

Revisado el expediente junto a las comparecencias de las partes, resulta evidente que el Hogar no fue notificado del dictamen recurrido. A pesar de que en la *NOTIFICACIÓN* de la *Resolución* se consigna que la notificación se dirige al Lcdo. Jose F. Giraud Mejías vía el correo electrónico de récord,[20] lo

---

[12] *Íd.*
[13] *Caro* v. *Cardona*, 158 DPR 592, 598-599 (2003).
[14] *Falcón Padilla* v. *Maldonado Quirós*, 138 DPR 983, 990 (1995).
[15] *Caro* v. 158 DPR, págs. 590-600.
[16] *Íd.*, pág. 600.
[17] *Íd.* (Énfasis nuestro).
[18] 32 LPRA Ap. V, R. 67.6.
[19] *Íd.*
[20] Anejo 1 del recurso, pág. 1.

cierto es que la notificación electrónica omitió incluir el correo electrónico de dicho abogado.[21] Es decir, la resolución que debió ser anejada a la notificación electrónica nunca fue notificada al correo electrónico de la representación legal del Hogar. A la luz de la norma prevaleciente ya discutida, no cabe otro curso decisorio que desestimar el recurso por falta de jurisdicción.

Aun cuando aplicáramos al caso de epígrafe la lectura más liberal de los casos *Horizon* v. *Jta. Revisora, RA Holdings*, 191 DPR 228 (2014) y *Molini Gronou* v. *Corp. P.R. Dif. Púb.*, 179 DPR 674 (2010) resueltos en el ámbito administrativo, la desestimación del recurso sería igualmente obligada. Ello, porque la controversia planteada se ha tornado académica y ordenar que la resolución sea notificada adecuadamente, sería un ejercicio en futilidad. Tratándose el presente litigio de una orden de protección solicitada sin éxito, contra el Hogar, y habiendo sido Don Enrique trasladado a otro hogar para envejecientes, no existe un caso o controversia viva que requiera adjudicación judicial.[22]

IV.

Por los fundamentos antes expuestos, se *desestima* el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[21] *Moción solicitando desestimación por falta de notificación de resolución del Tribunal de Primera Instancia*, en las págs. 5-6.

[22] En este punto es preciso destacar que es cuanto menos cuestionable la validez de cualquier orden emitida por el Tribunal de Primera Instancia, al **denegar la expedición de una orden de protección.** Sin orden de protección debidamente expedida no existe base jurídica en la que pueda anclarse la facultad que concede la Ley 121 al Tribunal de emitir cualquier orden necesaria para dar cumplimiento a la política pública del Estatuto. Es decir, las providencias o medidas que la ley faculta al tribunal emitir en un procedimiento de orden de protección presupone la expedición de la orden y no su denegatoria, como ocurrió en este caso.